KATIE BELL V. THE STATE.

*No. 449. Decided March 28.*

1. **Miscegenation—Evidence as to Joint Offender.**—On a trial of a white woman, under provisions of article 326 of the Penal Code, for knowingly intermarrying with a negro, *Held*, it was not error for the court to refuse to admit in evidence the record of the court showing that the said negro had been previously tried and acquitted of said offense. In such case one of the parties may be innocent and the other guilty. Following Alonzo v. The State, 15 Texas Crim. App., 384.

2. **New Trial—Practice on Appeal in Absence of Statement of Facts.**—In the absence of a statement of facts, errors complained of alone in the motion for a new trial with regard to the evidence and omissions in the charge of the court can not be considered.

3. **Evidence—Defendant's Testimony in Another Case.**—On a trial of a white woman for intermarrying with a negro, *Held*, that her testimony in a civil case in which she was a defendant, that she was a white woman, was admissible in evidence against her.

4. **Evidence as to Former Husband.**—On a trial of a white woman for intermarrying with a negro, the fact that her first husband was a white man was admissible in evidence as a circumstance going to show that she was recognized as a white woman.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction of a white woman for intermarrying with a negro, the punishment being assessed at two years' imprisonment in the penitentiary.

The record does not contain a statement of facts.

No briefs have come to the hands of the Reporter.

SIMKINS, JUDGE.—Appellant was convicted of the offense of intermarrying with a negro, appellant being a white woman, and her punishment was fixed at two years in the penitentiary.

1. The appellant complains that the court erred in ruling out the record of the said court showing Calvin Bell, whom appellant is alleged to have married, was tried upon said offense and acquitted. The court did not err. The Penal Code (article 326) declares, if any white person and negro shall knowingly intermarry with each other within this State, they shall be punished by confinement, etc. The woman may have known she was white, and the negro been ignorant of the fact; one, therefore, may be innocent, and the other guilty. Alonzo's case, 15 Texas Crim. App., 384.

2. There is no statement of facts in the record, and we can not notice the many errors raised in appellant's motion for a new trial; but we desire to say that we see no error in permitting the State to prove that in a civil case in which the appellant was defendant she testified that she was a white person. It does not appear she was forced to testify, nor what was the ground of objection that was offered in the civil case. Nor, if inadmissible, would it be reversible error, for, outside of the admission, the evidence of appellant being a white woman may have been clear and conclusive.

3. The fact that her first husband was a white man was a circumstance that might go to show that appellant was known and recognized as a white woman. The fact that he was a Confederate soldier, if inadmissible as tending to prejudice the jury against her, can not be a ground for reversal, because she received the lowest punishment. The proof of her being white may have been conclusive.

4. There was no error in refusing the charges asked. The general charge was full and fairly presented the issues, and the jury determined them against appellant, and we presume the evidence fully sustained the finding.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.