## C. C. WRIGHT v. THE STATE.

*No. 1245.   Decided February 10th, 1897.*

**1.   Statement of Facts—Not Approved by Judge.**

A statement of facts which is not approved by the trial judge, will not be considered on appeal.

**2.   Evidence Admitted After Testimony is Closed.**

It was not error for the court to permit the State to introduce another witness and prove other facts, after the defendant and the State had concluded their testimony.

**3.   Same—Absence of Statement of Facts.**

In the absence of a statement of facts, this court cannot pass upon complaints as to the testimony of a witness.

**4.   Improper Argument by Counsel.**

Improper arguments of counsel will not be considered, nor are they available, as grounds for error, where there was no request to the court to instruct the jury to disregard them.

**5.   Absence of Statement of Facts—Presumptions as to Correctness of Charge.**

In the absence of a statement of the facts, if the charge is applicable to any state of facts that might be made by testimony under the allegations of the indictment, this court will assume that the court below submitted to the jury the law of the case, and all the law required by the testimony or any portion of the same.

APPEAL from the District Court of Cooke.   Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for theft of three head of cattle; penalty, two years' imprisonment in the penitentiary.

No statement of facts in the record.

[No brief for appellant.]

*Nat. P. Jackson* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—C. C. Wright and Jim Bodine were jointly indicted for the theft of three steers, the property of G. M. Bonner. Wright alone was placed upon trial, and convicted; hence this appeal. We find what purports to be a statement of facts in the transcript which is not approved by the judge.   This cannot be considered.   The first bill of exceptions is to the action of the court in permitting the State to introduce a witness, and prove some facts, after both defendant and the

State had concluded their testimony. This is expressly provided for by the statute, and the court committed no error. The same bill complains of the facts proven by said witness. We cannot pass upon this, in the absence of a statement of facts. The evidence may have rendered everything that was sworn to by this witness admissible. The second bill complains of certain proof made by the State. The above observations apply to this bill. This bill also complains of the argument made by counsel representing the State, to the effect that he told the jury that the first indication of the thief is that he gives a wrong name, and tells a falsehood, etc. The evidence may have warranted this observation. Besides, if the remarks were improper, it was the duty of counsel for appellant to request the court to instruct the jury to disregard the improper remarks. This was not done. The motion for a new trial embraces the supposed errors presented in the bills of exception, and also complains of the charge of the court. We do not know whether the evidence presented the question of alibi or not, nor can we assume that appellant was hired by Hendricks, nor that he had possession of the cattle for Hendricks for the purpose of selling the same. Where the charge is applicable to any state of facts that might be made by the testimony under the allegations of the indictment, this court will assume that the court below submitted to the jury the law of the case, and all of the law required by the testimony or any portion of the same. In the absence of a statement of facts, we cannot assume that the testimony presented certain defenses, and reverse the judgment because the court did not charge thereon. Should we consider the statement of facts in the record, we think the evidence supports the verdict; but this we cannot do. We assume the verdict was supported by the testimony, and the judgment is affirmed.

*Affirmed.*