### BILL FOLLIS ET AL. v. THE STATE.

*No. 1196.   Decided April 21st, 1897.*

**1.   Unlawful Assembly—Indictment—Venue.**

Where an indictment for unlawful assembly alleges, that the parties unlawfully met in the county with intent to aid each other by violence to commit an offense, stating the offense to be to deprive a party of his right to have a social gathering and dance at his house. Held: The venue is sufficiently averred without further alleging, that the house was in the county. It is the unlawful assembly or meeting which is the gist of the offense.

**2.   Same—To Prevent a Party From Giving a Social Gathering or Dance— Indictment.**

An indictment for an unlawful assembly to prevent a party, by violence, from having a social gathering or dance at his house, is not sufficient if it fails to allege, in the charging part, that such party had a house and was giving or about giving or intending to give a social gathering or dance at his house.

APPEAL from the County Court of Erath. Tried below before Hon. T. B. KING, County Judge.

Appeal from a conviction for an unlawful assembly; penalty, a fine of $25, against each of the defendants.

The indictment is set out in the opinion. A motion was made in arrest of judgment, upon the ground that said indictment failed to charge any offense. This motion was overruled by the court below. No further statement necessary.

*Martin & George*, for appellant.—The court erred in overruling the defendants' motion in arrest of judgment because the indictment upon which the defendants were convicted charges no offense against the law of this State, in that, said indictment nowhere alleges that Elgin Sutton lived in Erath County, or that he had a house in said county or State, and nowhere alleges that Elgin Sutton had a social gathering at his house, or that he contemplated having a social gathering and dance at his house, in this or any county, and nowhere alleges that he contemplated having a social gathering or dance at his house, in the past, present or future, and no right of Sutton is alleged to have been violated. Blackwell v. State, 30 Texas Crim. App., 673 and 674.

The defendants were convicted under Art. 312 of the Penal Code, which says that if the purpose of the unlawful meeting be to effect any illegal object other than those mentioned in the preceding article, etc., all persons so engaged shall be liable to a fine not exceeding two hundred dollars. The indictment in this case alleges that the defendants met together with intent to commit an offense against the law of this State. Now what fact is alleged in the indictment that shows that the purpose for which they met was a violation of the laws of this State. The indictment should have set out the facts that constituted the offense and the facts should show an offense against the law. In this case the indictment should have stated that Elgin Sutton lived in Erath or some other county in this State, and that he contemplated having a dance or social gathering at his house, at some specific time, or that a dance was then going on at his house at the time of the meeting of the defendants, to do the act. And that the defendants met together to deprive Sutton of such rights. Suppose the indictment had alleged that the defendants met together to steal; would any one contend that it was not necessary to set out all the elements of theft, and the name of the party from whom the property was to be stolen? Surely not. So we contend that the indictment in this case should have set out facts that made it an offense against the law of this State to meet together to interfere with or prevent the person from enjoying the right accorded him by law. Suppose that Sutton did not live in this State at the time defendants met to do the acts complained of; or suppose that Sutton did not contemplate having a dance at his house at the time defendants met, or that he did not intend having a dance at any time; would the

meeting of defendants be a violation of the laws of this State?    Surely not.    The motion in arrest of judgment should have been sustained.

*Mann Tricc*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant, George Onstott, John and Will Deisher, Abe and Charles Turnbow, John and Will Simmon, Joe and Tommie Mitchell, and Stanley and Herbert Maners, were convicted of engaging in an unlawful assembly, etc., and each punished by a fine of $25; hence this appeal.    Appellants made a motion in arrest of judgment on the ground that the indictment failed to charge an offense.    The court overruled the same, and the action of the court is assigned as error. The indictment charges that appellants "on the 6th of March, 1896, in the County of Erath and State of Texas, did then and there unlawfully meet together with intent to commit an offense against the laws of this State, to-wit: with the intent to aid each other, by violence and by force and intimidation, to deprive Elgin Sutton of his right, and disturb him in the enjoyment thereof, to-wit: the right to have a social gathering and dance at his house, against the peace and dignity of the State."    The objections urged against the indictment are that it does not allege that the house of said Sutton was situated in Erath County, and that it does not appear therefrom that said Sutton owned the house at which he was about having, or intending to have, a social gathering and dance.    As to the first objection, we would remark that the unlawful assembly or meeting is the gist of the offense.    Our statute would seem to indicate this; and Hawkins (Pleas of the Crown, chap. 65, § 9), says, "that unlawful assemblies, routs and riots are three allied disturbances of the public peace.    If an assembly moves forward towards the execution of its unlawful design, it is a rout.    An actual execution of the design is a riot."    See, also, 27 Amer. and Eng. Ency. of Law, p. 694.    We think the venue is sufficiently laid in this indictment.    As to the other objection above mentioned, we would observe that an unlawful assembly is defined to be the meeting of three or more persons with intent to aid each other, by violence, etc., to commit an offense, or to illegally deprive any person of any right, or disturb him in the enjoyment thereof. See, Penal Code, 1895, Art. 299.    A number of succeeding articles point out different things that an unlawful assembly is inhibited from doing.    Article 312 is general in its terms, and says: "If the purpose of the unlawful assembly be to effect any illegal object, other than those mentioned in the preceding articles of this chapter, all persons engaged therein shall be liable to a fine not exceeding two hundred dollars."    This is the particular article under which this prosecution is instituted; that is, there is no special statute prohibiting unlawful assemblies with intent to aid each other by violence, etc., to deprive any person of the right to have a dance at his house, or to disturb him in the enjoyment thereof, but this is covered by said general statute.    We do not understand the statute to aim to inhibit the unlawful assembly of persons for the purpose of

preventing persons from simply pursuing some abstract right which men in general are authorized to pursue, but it is intended rather to prohibit the pursuit of some right or business which a person is pursuing, or intends to pursue. To illustrate what we mean: If three or more persons were assembled for the purpose of aiding each other by violence to prevent a person from preaching in a community or teaching school in a community, and such person was neither a preacher nor a school teacher, and had no intent of doing either, then such assembly for such purpose would not be an unlawful assembly. In other words, as stated before, it must be the unlawful assembly stated in the statute, which has for its aim the prevention of a person from pursuing his legitimate calling, profession, or from doing something which he intended to do or was about doing. If Sutton had no house, and was not intending to give, or about giving, a social gathering and dance thereat, an unlawful assembly for the prevention of his doing that thing, while it would be an infringement of his abstract right, as a citizen, to do it if he so desired, yet it would be no infringement of any real or practical right of his which he was then about using, or intending to use. In other words, it would not be calculated to prevent or restrain his free action in any business in which he was then engaged, or intended to engage; and we understand the purpose and object the law had in view was to prevent unlawful assemblies from interfering with the legitimate business and occupations of citizens. See, McGehee v. State, 23 Tex. Crim. App., 330. If this view be correct, then it follows that it was necessary in order to charge this offense, that the indictment should allege, in the charging part, that Sutton had a house, and was giving, or about giving, or intending to give, a social gathering and dance at his house. The allegation in the indictment does not make this averment; that is, the charge that said parties met together with intent to aid each other, etc., in order to deprive said Sutton of the right to have a social gathering and dance at his house, is not an allegation that he had a house, and that he was then having or giving, or intending to have, a social gathering and dance at his said house. We believe that the motion in arrest of judgment should have been sustained. The other assignments of error need not be discussed. For the refusal of the court to arrest the judgment, this case must be reversed; and it is accordingly ordered that the judgment of the lower court be reversed, and the indictment quashed, and the cause dismissed.

*Reversed and Dismissed.*

HURT, Presiding Judge, absent.