### Jesse Bales v. The State.

#### No. 211.    Decided November 24, 1909.

**Disturbing Inmates of Private Residence—Indictment—Motion in Arrest of Judgment.**

Where, in a prosecution for disturbing the inmates of a private residence, the indictment failed to allege that the occupant of the residence owned the same, or occupied the same as a residence, and failed to allege defendant went to said residence for the purpose of disturbing the inmates of said residence, the same was bad on motion in arrest of judgment.

Appeal from the County Court of Somervell. Tried below before the Hon. John A. Herring.

Appeal from a conviction of unlawfully disturbing the inmates of a private residence; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The charging part of the indictment is as follows: "Jess Bales, John Connally and W. B. Prewett . . . did then and there unlawfully assemble and meet together with the intent and purpose to aid each other to repair to the vicinity of the residence of Mrs. Ann McVicker and there disturb the said Mrs. Ann McVicker, Mrs. Laura Shook and Mrs. W. L. Hudspeth, inmates thereof, by loud, unusual and unseemly noise; and they did then and there by such means disturb the said Mrs. Ann McVicker and the other inmates of such residence in the enjoyment of her and their right to peace, quiet, good order and freedom from disturbance."

Appellant moves in arrest of judgment, alleging the insufficiency of the indictment, and especially pointing out the fact that it does not allege that Mrs. McVicker had or owned the residence; that the pleading is vague and inferential. We are of opinion that the motion should have been sustained. See Follis v. State, 37 Texas Crim. Rep., 535; Luter v. State, 32 Texas Crim. Rep., 69; Blackwell v. State, 30 Texas Crim. Rep., 672. It will be noticed from a reading of the indictment that it does fail to allege that Mrs. McVicker owned any residence or occupied a house as a residence, and it further fails to allege that they went to the residence of Mrs. McVicker. Under

the ·authorities cited we are of opinion that the motion should have been sustained.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and remanded.*

Brooks, Judge, absent.