SHREWDER v. STATE.†

(Court of Criminal Appeals of Texas. Jan. 25, 1911. Rehearing Denied April 26, 1911.)

1. CRIMINAL LAW (§ 1099*)—STATEMENT OF FACTS.

A purported statement of facts cannot be considered where the attorneys failed to agree upon it, and it was not presented to the trial judge within the time required by law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1144*)—REVIEW—PRESUMPTIONS.

In the absence of a statement of facts, if the charge is applicable to any state of facts that might be proven under the indictment, the court will assume that the law of the case was properly submitted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3016–3077; Dec. Dig. § 1144.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Sam Shrewder was convicted of an offense, and he appeals. Affirmed.

Lattimore, Cummings, Doyle & Bouldin, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

HARPER, J. In this case the appellant was tried in the district court of Tarrant county, found guilty, and his punishment assessed at 10 years confinement in the penitentiary.

[1] There are no bills of exception in the record, and the record shows that the term of court at which defendant was tried adjourned on the 6th day of November, 1909, while the statement of facts was not filed until the 25th day of June, 1910. With the papers we find an affidavit of appellant's attorney that the statement of facts was presented to the county attorney within the time allowed by law. There is also an affidavit of the county attorney that said statement of facts was not presented to him until the expiration of the time in which it could be filed. The statement of facts is signed neither by appellant's counsel nor by the county attorney. Attached to the papers, filed as a statement of facts, is a statement of the judge trying the cause that it was never presented to him until the 25th day of June, 1910. Admitting, as stated by appellant's counsel, that the statement was presented to the county attorney within the time allowed by law, yet upon their failure to agree it was his duty to present the matter to the judge, and request him to make up a statement of facts. This was not done until long after the time had elapsed; in fact, the record shows six months had elapsed.

[2] In this state of the record, this court cannot consider the statement of facts, and, in the absence of a statement of facts, if the charge is applicable to any state of facts that might be proven under the allegations contained in the indictment, this court will assume that the court below submitted to the jury the law of the case and all the law required by the testimony and any portion of same. Wright v. State, 37

Tex. Cr. R. 146, 38 S. W. 1004; Jones v. State, 34 Tex. Cr. R. 642, 31 S. W. 644; Bell v. State, 33 Tex. Cr. R. 163, 25 S. W. 769.

The indictment is in accordance with the form laid down in White's Annotated Penal Code, and we think sufficient.

The judgment is affirmed.