GEORGE PARVIN v. THE STATE.

No. 1120. Decided April 12, 1911.

**Assault to Murder—Recognizance.**

Where, upon appeal from a conviction of aggravated assault the recognizance was insufficient, it will be presumed in the absence of a statement of facts that the court's charge was correct, but the case must be dismissed.

Appeal from the District Court of Callahan. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of aggravated assault; penalty, a fine of $250 and two months confinement in the county jail.

The recognizance did not require the defendant to appear before the trial court as is provided by law.

*H. P. Brelsford* and *F. S. Bell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was indicted in the District Court of Eastland County, charged with the offense of assault to murder on J. R. Stubblefield. The venue of this offense was changed to Callahan County by the court. Upon a trial defendant was adjudged guilty of an aggravated assault, and his punishment assessed at a fine of $250 and imprisonment in the county jail for two months.

The Assistant Attorney-General moves to dismiss this cause because of insufficient recognizance, and this motion is well taken, but should we overlook this motion there is neither a statement of facts nor bills of exception in the record, and the record being in this condition, we will presume that the judge charged the law and all the law applicable to the facts introduced in evidence. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642, and authorities cited.

*Motion is sustained and cause dismissed.*