There being no reversible error shown, the judgment is affirmed.

---

PARKER v. STATE.

(Court of Criminal Appeals of Texas. April 12, 1911.)

RAPE (§ 40*)—EVIDENCE—PROSECUTRIX'S RELATIONS WITH OTHERS.

One accused of raping a female under age with her consent could show that about nine months before her child was born she was seen in compromising relations with another man, to rebut her testimony of exclusive intercourse with accused, and to support his denial of the offense.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 57; Dec. Dig. § 40.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Richard Parker was convicted of rape, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for rape on a girl under 15 years of age.

The prosecutrix testified to an agreed act of intercourse. This is denied by appellant. There is testimony to the effect that there was ample opportunity for other men and boys to have had intercourse with prosecutrix. Much of this is denied by the state's evidence. The appellant is about 65 years of age. The other men are young. The girl gave birth to a child on March 28, 1910. Appellant offered evidence to show that the latter part of June or first days of July, 1909, Huey Fountain and the prosecutrix had been seen in such relations and "juxtaposition" to each other as to render it probable that he was the father of the child, and that their relations were such as to show they were having intercourse. Davenport would have testified, had he been permitted to do so, that "at various and different times" he saw prosecutrix and Fountain "embrace each other" in a compromising position. The first time he saw them they were standing up, and another time they were around by the side of the house; but he could not tell what they were doing, but they were in the embrace of each other. The last time he saw them it was night, etc. This was in June or in July. The exact date he could not state. The prosecutrix testified to one act of intercourse between appellant and herself in June or July, and that the child was the result.

This testimony was contradictory of her evidence, and was admissible, also, to show other intercourse, and that this child may have been the result of criminal intimacy with Fountain, and not defendant. Appellant denied the intercourse most positively. If it was a conceded fact that appellant had the intercourse, the fact that also Fountain did might not be material. But it was an issue, and the evidence rejected was important. The court, in qualifying the bill, states that the state did not elicit the fact that prosecutrix gave birth to a child; that it was developed by the defense; therefore he thought a different rule should obtain than if the state proved it primarily, as corroborative of the prosecutrix, etc. Appellant was entitled to this evidence. Prosecutrix had testified she had intercourse with no other person, and this testimony should have been admitted also, to meet that evidence. These questions are settled favorably to appellant's contention in Bader v. State, 57 Tex. Cr. R. 293, 122 S. W. 555. See, also, Rice v. State, 37 Tex. Cr. R. 36, 38 S. W. 801; Knowles v. State, 44 Tex. Cr. R. 322, 72 S. W. 398; Skidmore v. State, 57 Tex. Cr. R. 497, 123 S. W. 1129, 26 L. R. A. (N. S.) 466.

The judgment is reversed, and the cause is remanded.

---

PARVIN v. STATE.

(Court of Criminal Appeals of Texas. April 12, 1911.)

1. CRIMINAL LAW (§ 1076*)—APPEAL—RECOGNIZANCE—INSUFFICIENCY.

An appeal from a conviction will be dismissed, where the recognizance is insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2708–2716; Dec. Dig. § 1076.*]

2. CRIMINAL LAW (§ 1144*)—APPEAL—RECORD—PRESUMPTIONS.

Where there is neither a statement of facts nor bills of exceptions in the record, it will be presumed that the trial judge charged all the law applicable to the facts proved.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3032; Dec. Dig. § 1144.*]

Appeal from District Court, Callahan County; Thomas L. Blanton, Judge.

George Parvin was convicted of assault to murder, and he appeals. Dismissed.

H. P. Brelsford and F. S. Bell, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case the appellant was indicted in the district court of Eastland county, charged with the offense of assault to murder on J. R. Stubblefield. The venue of this offense was changed to Callahan county by the court. Upon a trial, defendant was adjudged guilty of an aggravated assault, and his punishment assessed at a fine of $250 and imprisonment in the county jail for two months.

[1, 2] The Assistant Attorney General moves to dismiss this cause because of insufficient recognizance, and this motion is well taken; but, should we overlook this motion, there is neither a statement of facts

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

nor bills of exception in the record, and, the record being in this condition, we will presume that the judge charged the law, and all the law, applicable to the facts introduced in evidence. Wright v. State, 37 Tex. Cr. R. 146, 38 S. W. 1004; Jones v. State, 34 Tex. Cr. R. 642, 31 S. W. 644, and authorities cited.

Motion is sustained, and cause dismissed.