## HAL D. SHARP v. THE STATE.

### No. 1895. Decided November 6, 1912.

**1.—Swindling—Misdemeanor—County Court—Statement of Facts—Bills of Exception.**

Where, upon appeal from a conviction of a misdemeanor tried in the County Court, the statement of facts and bills of exception were filed after the adjournment of said court without permission of said court, they must be stricken out on motion of the State.

**2.—Same—Charge of Court—Statement of Facts—Presumption.**

In the absence of a statement of facts, the charge of the court being

applicable to any state of facts that might be made by the testimony, it will be assumed that the trial court submitted the law of the case.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of swindling; penalty, twenty days confinement in the county jail.

The opinion states the case.

*Walton D. Taylor* and *James P. Alexander,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of swindling, and his punishment assessed at twenty days confinement in the county jail.

This being a misdemeanor and tried in the County Court, the statement of facts and bills of exception having been filed after the adjournment of court without permission of the court to so file them appearing of record, the motion of the Assistant Attorney-General to strike the statement of facts and bills of exception from the record is sustained. Mosher v. State, 62 Texas Crim. Rep., 42; Blackshire v. State, 33 Texas Crim. Rep., 160, and cases there cited.

The main charge of the court, and the three special charges given at the request of appellant, sufficiently submit the offense charged, and in the absence of a statement of facts, if the charge is applicable to any state of facts that might be made by the testimony, this court will assume the trial court submitted to the jury the law of the case. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642; Bell v. State, 33 Texas Crim. Rep., 163.

The judgment is affirmed.

*Affirmed.*