## Bud Simpson v. State.

No. 1976. Decided February 26, 1913.

Rehearing denied March 26, 1913.

**1.—Murder—Statement of Facts—Filing—Signature of Judge.**

Where the statement of facts was either dated back, or when filed did not bear the judge's signature, the same could not be considered on appeal.

**2.—Same—Approval by Judge—Statement of Facts.**

The law provides that the statement of facts must be signed and approved by the trial judge, and he is not required to approve a statement of facts, if he does not deem the same correct. Art. 824, Code Criminal Procedure.

**3.—Same—Evidence—Moral Turpitude.**

Upon trial of murder, there was no error in admitting testimony that the defendant had served a term in the penitentiary; it not appearing that it was too remote.

**4.—Same—Evidence—Bill of Exceptions.**

Where the court refused to approve a part of the bill of exceptions and defendant accepts the same and does not resort to a bill by bystanders, the bill of exceptions, as presented in the record, will be considered on appeal. Following Blain v. State, 34 Texas Crim. Rep., 448.

**5.—Same—Evidence—Res Gestae—Declarations by Deceased.**

The acts, remarks and conduct of the deceased right after the shooting were admissible as res gestae.

**6.—Same—Objections—Practice on Appeal.**

Where the record showed that no exceptions to the testimony were reserved, there is nothing to review on appeal.

**7.—Same—Charge of Court—Statement of Facts—Presumption.**

In the absence of a statement of facts, if the charge of the court is applicable to any state of facts which can be proved under the indictment, the presumption is that the court charged the law and all the law applicable to the case. Following Wright v. State, 37 Texas Crim. Rep., 146, and other cases.

**8.—Same—Charge of Court—Reasonable Doubt—Degrees of Offense.**

If the court charges on reasonable doubt as to the whole case, this will be sufficient, in the absence of a requested charge as to reasonable doubt between the degrees of the offense.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the second degree; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Ellis P. House,* for appellant.—On question of cross-examination of defendant as to whether he had been in the penitentiary, etc: Choice v. State, 54 Tex. Crim. Rep., 517, 114 S. W. Rep., 132.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted, charged with murder and found guilty of murder in the second degree, and his punishment assessed at thirty years confinement in the State penitentiary.

There is a statement of facts in this case filed with the clerk of the District Court on March 23, 1912. The judge's approval of the statement of facts bears date May 14, 1912, evidencing either one of two things; that the statement of facts was dated back, or the statement of facts when filed did not bear the judge's signature, and in either event we must treat the statement of facts as filed as if filed when the judge approved it, to-wit: May 14, 1912.

Not only is it true about these conflicts of dates, but appellant has filed an affidavit stating that the statement of facts has been changed by the judge, after it was filed by him, it thus appearing that the

statement of facts was in fact filed with the clerk on March 23rd, without having been approved by the judge. Judge Seay has filed an affidavit stating that the statement of facts was not presented to him for approval, but learning on May 14th that the statement of facts had been filed with the clerk without his signature, he went through it, made such changes as he deemed proper to make a correct statement of facts, and then affixed his signature to it, desiring to give appellant a statement of facts in the case. Appellant objects to the statement of facts as thus approved by the court, and presents in connection with his affidavit a carbon copy of the statement of facts which he filed with the clerk, but the record shows the statement of facts filed with the clerk *had not been approved by the judge* at the time it was filed. Appellant seems to proceed upon the theory that if appellant's counsel and the county attorney agreed to a statement of facts, the trial judge has no discretion but must approve it as thus presented. This is not the law. The Code of Criminal Procedure provides that the same proceedings shall be had as to a statement of facts as is provided in civil cases, and the Civil Code provides in Articles 1379 and 1380 as follows: ''If the parties or their attorneys agree on a statement of facts they shall sign the same and it shall then be submitted to the judge, who shall, if he finds it correct, approve and sign it, and the same shall be filed with the clerk. * * * If the parties do not agree upon such statement of facts, *or if the judge does not approve or sign same,* the parties may submit their respective statement of facts to the judge, who shall, *from his own knowledge* make out and sign and file with the clerk a correct statement of facts proven on the trial, and such statement shall constitute a part of the record.'' Thus it is seen in no event is the judge required to approve a statement of facts he does not deem correct, but in this case, it appears that he, finding a statement of facts on file without his signature, reads it, declines to approve it as filed, but makes such corrections as he deems proper, affixes his signature to it, in order to keep appellant from being deprived of a statement of facts, and if the matter had been left in the position that this would have presented the record, we might be authorized to consider it. But by the affidavits filed, it is shown that none of the provisions of the statute, in relation to a statement of facts, have been complied with, and under such circumstances we cannot consider the paper sent up with the record, nor the one attached to appellant's affidavit. (See Arts. 1379 and 1380, Revised Civil Statutes, and Art. 824 of the Code of Criminal procedure.)

In bill of exceptions No. 1 it is shown that appellant objected to it being proven that apellant had served a term in the penitentiary. This testimony was admissible, as it does not appear to have been too remote. The bill further recites that he objected to witness being permitted to testify that his wife got a divorce from him because he had been sent to the penitentiary. The court in approving the

bill states no such testimony was admitted. When the court refused to approve this part of the bill, if appellant objected to him doing so, he should have excepted to the action of the court in so doing at that time, or got up a bystanders bill. Having done neither, we must accept the bill as presented in the record. (Blain v. State, 34 Texas Crim. Rep., 448.)

Bill No. 2 as modified by the court presents no error. The acts, remarks and conduct of the deceased right after the shooting were admissible as res gestae.

All the other exceptions to the testimony in the record are marked, "Refused—no such objection or exception taken." Under such circumstances we are not authorized to find that the exception was reserved, consequently we cannot review these matters.

In the motion for new trial there are many criticisms of the charge of the court, but it has always been the rule in this court, in the absence of a statement of facts, if the charge is applicable to any state of facts provable under the indictment, we will presume that the court presented the law, and all the law applicable to the case. (Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642; Bell v. State, 33 Texas Crim. Rep., 163.)

Appellant points out in the motion for new trial that the court failed to charge on reasonable doubt as between degrees of the offense. It is always better that the charge be given, but the general rule is that if the court charges on reasonable doubt as to the whole case, this will be sufficient when no charge is asked as to reasonable doubt between the degrees. In this case, having no statement of facts before us, and appellant being found guilty of murder in the second degree, this omission, in the absence of a request that the jury be so charged, does not present reversible error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 26, 1913.—Reporter.]