## A. J. REYNOLDS v. THE STATE.

No. 4470. Decided January 16, 1918.

**1.—Unlawful Assembly—Recognizance—Statement of Facts—Bills of Exception.**

Where the appellant filed a new recognizance, the first being fatally defective, and also a corrected copy of the record showing the filing of a statement of facts and bills of exceptions in due time, the appeal will be heard on its merits.

**2.—Same—Indictment—Pleading.**

Where the indictment for unlawful assembly followed approved precedent and the statute, the same was sufficient, nor was the same duplicitous.

**3.—Same—Information—Precedent—Preventing Motorman from Running Cars.**

In a complaint and information charging unlawful assembly with the intent

and purpose, by threats and intimidation, to prevent and deprive certain motor-men of their right to labor as such, etc., an objection thereto that they failed to allege that the street car was being operated or intended to be operated and run is untenable, and the complaint and information were in approved form. Distinguishing McGehee v. State, 23 Texas Crim. App., 330, and other cases.

**4.—Same—Statutes Construed—Misdemeanor—Felony.**

Riot and unlawful assembly are both misdemeanors, and article 1013, sub-division 3, P. C., and article 1024a, Vernon's Crim. Stats., have no application to the instant case.

**5.—Same—Sufficiency of Evidence—Definition of Offense.**

Where one of the persons identified with the defendant and another, in the offense of an unlawful assembly, was acquitted prior to the trial of defendant, the latter's contention that such would acquit him is untenable, and this doc-trine is not the law in this State. Following Alonzo v. State, 15 Texas Crim. App., 378, and other cases.

Appeal from the County Court of El Paso. Tried below before the Hon. E. B. McClintock.

Appeal from a conviction of unlawful assembly; penalty, a fine of two hundred dollars.

The opinion states the case.

*M. W. Stanton, Hudspeth, Dale & Harper,* and *E. C. Gaines,* for appellant. On question of insufficiency of information: Bradford v. State, 40 Texas Crim. Rep., 632, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—The conviction herein was for a mis-demeanor. The purported original recognizance was fatally defective. (2 Vernon's Ann. Crim. Stats., p. 882.) At his instance this court gave appellant leave to enter into a new recognizance in the terms re-quired by the statute. Since then he has enterd into another pur-ported recognizance and now files it herein. It likewise is fatally de-rective. (2 Vernon's Ann. Crim. Stats., p. 884.) As neither recog-nizance gives this court jurisdiction, the appeal is dismissed.

*Dismissed.*

ON REHEARING.

June 20, 1917.

PRENDERGAST, JUDGE.—Appellant in his second or third effort in the lower court to correct his record has shown that he entered into the proper recognizance prescribed by the statute, and also filed in this court a properly certified copy thereof and also a correct copy in another matter which the original record did not show. His motion to reinstate is, therefore, granted, the order of dismissal heretofore entered set aside and the cause now decided on its merits.

In the original motion of the Assistant Attorney General to dismiss

this appeal because of insufficient recognizance he also called attention to the fact that there was no order by the lower court permitting the statement of facts and bills to be filed after term time and that all of appellant's purported bills and statement of facts were filed long after adjournment, and moved that they be struck out and not considered.

In view of the fact that in at least the two efforts by appellant to get the record below amended to show that he had entered into the proper recognizance, nothing appears whereby he attempted to show that any order permitting him to file the bills and statement of facts after term time, was entered, it is evident that no such order was made; but even if it was, as it was not entered and does not appear in this record the Assistant Attorney General's motion to strike out and not consider the bills and statement of facts must be sustained under the uniform and many decisions of this court.

Therefore the only question which can be reviewed is the sufficiency of the indictment. The indictment was in two counts. The second charged an unlawful riot. As the jury found the appellant guilty only of unlawful assembly and thereby acquitted him of the offense of riot, all questions pertaining to the riot charge passed out of the case.

The first count charging unlawful assembly is as follows: It has the usual formal allegations, and then alleges, that on or about August 11, 1916, in El Paso County, Texas, "one A. J. Reynolds did then and there unlawfully assemble and meet together with C. E. Smith, J. W. Cole and E. L. Ligon, and divers other persons whose names are to the assistant county attorney unknown, with the intent and purpose to aid each other by threats, intimidation, pulling off of trolleys, turning loose and overturning of street cars, throwing of missles, towit: stones, and by violence, towit: rudely displaying pistols, to illegally prevent and deprive Albert Kuehme and H. E. Brown, and each of them, of his and their right and the right of each of them to labor, and to disturb him and them and each of them in the enjoyment of said right, that is, said Kuehme and Brown were each and both then and there engaged in a lawful employment, towit: pursuing the labor, occupation and employment of motorman and conductor, respectively, being lawfully employed as such, on a street car then and there owned by the El Paso Electric Railway Company, a corporation, and the purpose of said unlawful assembly and the intent of said A. J. Reynolds, C. E. Smith, J. W. Cole and E. L. Ligon, and divers other persons whose names are to the assistant county attorney unknown, was then and there to prevent the said Kuehme and Brown, and each of them from pursuing their and his respective labors, occupations and employment and to intimidate him and them from following his and their daily avocation and to interfere by the means aforesaid, with his and their labor and employment as motorman and conductor, the same being the usual and ordinary occupation and employment of said Kuehme and Brown, respectively."

Appellant's grounds for quashing this were: (1) that it does not charge an offense against the law committed by him; (2) the allegation in charging "the said Kuehme and Brown were each and both then and there engaged in a lawful employment, towit: pursuing the labor, occupation and employment of motorman and conductor" is insufficient in that it does not aver that they were lawfully pursuing the labor, etc., of conductor and motorman. The reverse of this is true as shown by the count above copied. It there specifically alleges that they were pursuing the labor, etc., "of motorman and conductor, respectively"; (3) that this count attempted to charge two separate and distinct offenses: first, the unlawful assemply with reference to Kuehme, and, second, such assembly with reference to Brown. There is nothing in appellant's contention on this point. The count in this particular was really in his favor and against the State in that it charged unlawful assembly against both Kuehme and Brown. Either alone would have been sufficient. But by joining both of them it imposed a greater burden on the State than was necessary. However, the offense charged is only one offense and not two, for all the allegations show that everything that was done by appellant in order to make him guilty of the offense was done at the same time, at the same place, by the same persons, and against both Kuehme and Brown. So that it was but one offense though committed against two persons. If the acts had been charged to have been committed against one alone and he had been tried on that it would have put him in jeopardy a second time to have tried him on the same allegation against the other party for the reasons stated above; (4) because the allegations show him, if guilty of anything, not of unlawful assembly, but of actual violence.

The information herein complies substantially with the forms laid down by Mr. Branch, Judge White and Judge Wilson, and are strictly in accordance with the statute prescribing the offense. (P. C., arts. 435 and 445.) The court's action in overruling appellant's motion to quash was correct.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

January 16, 1918.

PRENDERGAST, Judge.—Appellant has at last got the record in this case complete, which shows that his bills of exception and statement of facts were filed in time. They have been duly read and considered.

In his motion for rehearing he again contends that the information herein is fatally defective. In the recent case of Ligon v. State, 198 S. W. Rep., 787, in what may be regarded as a companion case, this court held the complaint and information therein were valid. The pleadings in that case were substantially the same as in this. It would

be sufficient, therefore, to refer to that case as decisive against his contention. However, there is one objection he makes which we will discuss; that is, he claims that the information "nowhere alleges that the street car was being operated or run, or that it was intended to be operated or run." He contends this allegation was necessary, and cites and relies upon McGehee v. State, 23 Texas Crim. App., 330; Follis v. State, 37 Texas Crim. Rep., 535; Bradford v. State, 40 Texas Crim. Rep., 632, and perhaps other claimed somewhat like cases.

The statute defining the offense herein is: "An unlawful assembly is the meeting of three or more persons with intent to aid each other by violence . . . illegally to deprive any person of any right, or to disturb him in the enjoyment thereof" (art. 435, P. C.) ; and art. 445, P. C., which is: "If the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars." The information under which the conviction was had was quoted in the original opinion.

A comparison of the pleading herein with that of the McGehee case will show that it is in accordance therewith. The pleading in the McGehee case was expressly held sufficient.

In the Follis case the indictment alleged simply that the appellants therein unlawfully met "together with intent to commit an offense against the laws of this State, towit: with the intent to aid each other by violence and by force and intimidation to deprive Elgin Sutton of his right and disturb him in the enjoyment thereof, towit: the right to have a social gathering and dance at his house." That indictment was held defective because it did not directly allege that Sutton had a house and was giving or about to give or intended giving a social gathering and dance at his house.

In the Bradford case the information alleged that appellant therein, with other persons named, "with the intent to aid each other, by violence and intimidation, to illegally deprive L. H. Ernst from running and operating a certain farm in the county and State aforesaid, said farm being then and there the property of the said L. H. Ernst, by illegally depriving him, the said L. H. Ernst, of the right to employ and retain in his employ Mexicans as laborers upon his said farm, and to disturb him, the said L. H. Ernst, in the enjoyment of said right to employ and retain in his employ Mexicans as laborers upon his said farm, by violence and intimidation as aforesaid, it being then and there the legal right of the said L. H. Ernst to employ and retain in his employ Mexicans as laborers." The information therein was held defective because there was no direct allegation that said Ernst then and there had in his employ, or was about to employ, certain Mexicans as laborers upon his farm. The court held: "There should have been

a direct averment that the said Ernst was engaged in running and operating a certain farm, and also that he then and there had in his employ certain Mexicans, or that he was about to employ certain Mexicans for the purpose of running and operating his said farm."

It was not necessary to the validity of the pleadings herein that it should allege that the street car was being operated or run, or intended to be, as contended by appellant.

The pleading herein clearly met what was held defective in the Bradford and Follis cases. Succinctly stated, it alleged:

That said Kuehme and Brown were each, and both then and there engaged in a lawful employment, towit: pursuing the labor, occupation and employment of motorman and conductor, respectively, being employed as such on a street car owned by a certain named company, a corporation. That appellant and three others named, and divers other unknown persons, did unlawfully assemble and meet together, with the intent and purpose to aid each other by the means, and with the things, enumerated, to illegally prevent and deprive said Kuehme and Brown, and each of them, of his and their right and the right of each of them, to labor, and to disturb them and each of them in the enjoyment of said right. And that it was the purpose of said unlawful assembly, and the intent of appellant and said others named and those unknown, to prevent said Kuehme and Brown, and each of them, from pursuing their and his respective labors, occupation and employment, and to intimidate him and them from following his and their·said avocations, and to interfere by the means aforesaid, with his labor and employment as motorman and conductor, the same being the usual and ordinary occupation and employment of said Kuehme and Brown, respectively.

The pleading was complete and full under the statute and decisions. Possibly, under said Bradford and Follis cases if the information had charged that the unlawful assembly and intent, etc., was to prevent, etc., said street car company from operating its cars such an allegation as appellant claims, should have been made herein, might then have been proper or necessary.

Riot and unlawful assembly are both misdemeanors—neither is a felony. The statute (art. 1013, sub. 3, P. C.) that the use of any dangerous weapon with the intent to alarm comes within the meaning of an assault, prescribes only a misdemeanor. And while article 1024a, Vernon's Criminal Statutes, prescribes that the wilful commission of an assault or battery with a pistol, while being unlawfully carried, may be a felony, neither of these statutes have any application whatever to this case. The pleading herein in no way, in either count, alleged a felony.

The witnesses identified only three, appellant, Smith and Cole, of the many persons engaged in the unlawful assembly. They could not

identify any of the others. Smith had previously been tried and acquitted in another case—not in this case.

Appellant thereupon contends that Smith could not be counted as one of the unlawful assembly, and without him, as the evidence identified only two others, appellant and Cole, the conviction can not stand. He cites 39 Cyc., 834, and some cases from other jurisdictions, which, he claims, support and establish his contention. Cyc. says:— "In order to sustain a conviction for unlawful assembly the number of persons required to constitute the offense must be indicted. So if, on the trial, less than the required number be found guilty, and the others charged be acquitted, the conviction can not be sustained." Only one Indiana case is cited to support the text. Appellant, however, cites some decisions of other jurisdictions which, he claims, support his contention.

The doctrine laid down by Cyc. quoted is not the law in our State, as has many times been held in principle by this court. There are also decisions of other States holding the reverse of appellant's contention. Alonzo v. State, 15 Texas Crim. App., 378; Mercer v. State, 17 Texas Crim. App., 452; Ledbetter v. State, 21 Texas Crim. App., 344; Bell v. State, 33 Texas Crim. Rep., 163; Solomon v. State, 39 Texas Crim. Rep., 140; Minter v. State, 70 Texas Crim. Rep., 634; State v. Eggleston, 45 Ore., 346; Vought v. State, 135 Wis., 16; People v. Barnes, 2 Idaho, 161; State v. Cutshall, 109 N. C., 764; State v. Carroll, 30 S. C., 85.

The fact that Smith when previously tried in a case against him alone, in some way, not disclosed, secured his acquittal, would not prevent the State from showing in a trial of the case against appellant alone, that Smith was one of the three or more who participated in the unlawful assembly when appellant did, and thereby prevent appellant's conviction. Of course, Smith having been acquitted, *he* could not again be tried or convicted, whatever may have been the reason for his acquittal, or however secured. It was appellant, and not Smith, who was tried in this case.

In said Alonzo, Ledbetter and Solomon cases the man and woman were both jointly prosecuted for adultery, or fornication, as the case was. The woman in each case was acquitted, or after jeopardy attached the case was dismissed as to her, and in each case the man then convicted. The man contended that as the woman had been acquitted this inured to his benefit, and he could not, therefore, be convicted. This court in each instance held against him.

In the Mercer case he was convicted of incest. He contended in appeal that he could not be convicted unless the woman was also guilty. This court held against him.

In the Bell case, she, a white woman, was convicted of misceganation, marrying a negro man. She contended as the man had been tried and acquitted, she could not be convicted. This court held against her.

In the Vaught case the Wisconsin court held that when three town

officials were jointly indicted for theft of town orders the acquittal of two did not prevent the conviction of the other.

The motion is overruled.

*Overruled.*