JOHNNIE RALPH V. THE STATE.

No. 21281. Delivered February 5, 1941.
Rehearing Denied March 19, 1941.

372

The opinion states the case.

*John Davenport* and *W. W. Ballard,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of engaging in a riot, and his punishment was assessed at confinement in the county jail for a period of one year.

The appellant's first contention is that the court erred in overruling his motion to quash the complaint and information on the ground that the allegations therein are too uncertain and indefinite, and that they are confusing, etc. The information, which follows the language of the complaint, omitting the formal parts, reads as follows:

"* * * that Johnnie Ralph, hereinafter styled defendant, on or about the 1st day of March, A. D., 1940, and before the filing of the complaint and this information, in the County of Archer and State of Texas, did then and there unlawfully engage in a riot with J. C. Willis, Lloyd Henry, Jim Jackson, J. L. Reece, Sam Smith, Austin Reynolds, E. H. Pearce, C. H. Pearce, C. J. Hoganmiller, and other persons whose names are unknown, who did then and there unlawfully assemble and meet together for and with the purpose and intent to aid each other by violence and by the use of hatchets, metal wrenches, clubs, and wooden mattock handles, to interfere with, intimidate, and prevent J. Earl Martin and his crew, namely, George Absher, Jefferson Lawson, Irlan Hendrix, Floyd Rouse, and Leroy Rouse, from lawfully pursuing his and their labor, occupation and em-

ployment and from pursuing his and their daily avocation, which was skidding, moving, and erecting oil field derricks, and the avocation of oil field rig builders, and the said defendant and other persons herein named and divers other persons whose names are unknown, being so unlawfully assembled for said purpose, they, the said defendant and the persons herein named and divers other persons whose names are unknown, did then and there engage in said riot and did then and there act together in said unlawful purpose and did then and there unlawfully, with hatchets, metal wrenches, clubs, and wooden mattock handles, attack and by loud and vociferous cursing, swearing, and by threatening gestures, and rudely displaying weapons, and by threatening to do serious bodily injury and to kill, did terrify and intimidate the said J. Earl Martin, George Absher, Jefferson Lawson, Irlan Hendrix, Floyd Rouse, and Leroy Rouse, and did make an assault upon and beat, bruise, and wound the said J. Earl Martin, George Absher, Jefferson Lawson, Irlan Hendrix, Floyd Rouse and Leroy Rouse, and thereby said defendant and said other persons herein named and said divers persons whose names are unknown, did unlawfully and riotously interfere with, intimidate, and prevent the said J. Earl Martin, George Absher, Jefferson Lawson, Irlan Hendrix, Floyd Rouse, and Leroy Rouse, from pursuing their labor, occupation, and employment as aforesaid, and from pursuing their daily avocation aforesaid against the peace and dignity of the State."

Appellant contends that while it is charged in the complaint and information that he and others unlawfully assembled with the purpose and intent to aid each other by violence and by the use of hatchets, wrenches, etc. to interfere with, intimidate and prevent J. Earl Martin, and others from lawfully pursuing his and their labor, occupation and employment and from pursuing his and their daily avocation, which was skidding, moving and erecting oil field derricks, etc., yet it does not definitely charge that J. Earl Martin and others were actually so engaged at the time of the alleged riot, and cites us to the case of Bradford v. State, 51 S. W. 379. We are of the opinion that the averment in the information is not subject to any other reasonable construction than that Martin and others were employed and were pursuing their daily vocation at the time of the riot. However, in our opinion, it was not necessary that Martin and others should have been actually engaged in skidding or building oil field derricks. If such was their vocation and they were prevented by the appellant and his associates from pursuing the

same or from being so employed, it would be of no moment wheth-er they were at the time actually performing the physical .act in line with their daily vocation or not. Martin and others may not have performed any work at the time in question or for some time prior thereto, yet if they were contemplating the perform-ance of such physical labor or were returning to their homes from such labor and appellant and his companions, by the means charged, intimidated them from returning to the area and en-gaging therein, it would be a violation of the law. A man's daily vocation is the means by which he makes a livelihood and sup-ports his family, and any set of men who prevent another from pursuing his daily vocation are interfering with a legal right, which makes the interference unlawful.

The averments in the present instance are not like those in the case of Bradford v. State, supra, cited by appellant in sup-port of his contention. In the Bradford case, the appellant was charged with illegally depriving L. H. Ernst of the right to em-ploy and retain in his employ Mexicans as laborers upon his farm and to disturb him, the said Ernst, in the enjoyment of said right to employ and retain in his employ Mexicans as laborers on his farm. In that case there was no direct and specific aver-. ment that Ernst operated a farm and was engaged in farming or that he had employed Mexican laborers or intended to employ Mexican laborers upon his farm, which was a necessary element constituting the offense. In the present case, every essential ele-ment constituting the offense is charged. The information fol-lows the form laid down by Mr. Branch in his Ann. Texas, P. C., p. 539, and Willson's Texas Crim. Forms, (4th Ed.) p. 130, form 233e. In support of what we have said here, we refer to the case of Reynolds v. State, 199 S. W. 1092, and overrule the appellant's contention.

Appellant next complains that the court erred in overruling what he terms an application for a severance in which he states that he did not request a severance for himself but asked that his motion, which was incorporated in the motion for a sever-ance with J. C. Willis, be granted; that the order of trial be adopted by the court as set out in the motion for a severance; that J. L. Reece was the first man charged with the riot in the complaint against J. C. Willis. He also asked that the court adopt the order of procedure in that case. The motion claimed to be an application for a severance is not sworn to and does not comply with Art. 651, C. C. P. Furthermore, it will be noted that nowhere in said application is it shown what the order of procedure was in the case of J. C. Willis, nor that it was agreed

to by the all of the defendants. In the absence of such a showing we are unable to discover any error in the ruling of the court. It may be true that J. L. Reese was the first man charged in the complaint with the riot, but it may also be true that for some good reason he was not ready for trial; or it may be that he had asked that appellant be first tried. Hence, it is obvious that the bill of exception complaining of the ruling of the court is wholly deficient under the well-established rule of this court to the effect that a bill of exception must be so full and complete that, in and of itself, it reflects reversible error. See Branch's Ann. Texas P. C., p. 131, sec. 207, and cases there cited.

Appellant's next complaint is that the court erred in declining to give the following special requested instruction to the jury:

"You are charged that the defendant, Johnnie Ralph, on the first day of March, 1940, had the legal right to go out upon the Wichita-Archer county road, and had the right to peacefully assemble, with others, for the purpose of discussing with J. Earl Martin, and his crew, the working conditions existing in his area, pertaining to their occupation, and unless you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Johnnie Ralph, with other persons, assembled for some other purpose, you will give the defendant the benefit of the doubt and acquit him."

The record shows that appellant addressed quite a number of objections to the court's charge and requested some thirty-six special charges, many of which were on the same subject but couched in different language. These charges were all presented to the court, who selected therefrom the following, which were submitted to the jury:

"You are charged at the request of the defendant, that the defendant, Johnnie Ralph, and others, had the legal right, and authority, to assemble on the Archer County road for the purpose of discussing with J. Earl Martin, peacefully, the working conditions existing in this area, and if they did assemble, and at such time, an attack was made on one Sam Smith, in the presence of Johnnie Ralph, he would have the right to use all of the means necessary to defend the said Sam Smith, and if he used no more means than was necessary under the existing circumstances, viewed from his standpoint at the time, he would not be guilty of any offense, and if you have a reasonable doubt of this fact, you will give the defendant the benefit of the doubt and acquit him, and so say by your verdict."

"You are instructed as a part of the law in this case, that if

you believe, or if you have a reasonable doubt thereof, that this defendant, with other persons did not unlawfully assemble themselves together, for the purpose and with the intent to prevent J. Earl Martin and his crew from pursuing his or their labor, occupation or employment, or intimidate him or his crew, from following his or their daily avocation, then you will find this defendant not guilty."

"If you believe from the evidence, or have a reasonable doubt thereof, that this defendant, Johnnie Ralph, and any other person with the defendant, if any, had not committed or attempted to commit any illegal act, at the time J. Earl Martin's car was parked on the Wichita Falls and Archer City Highway and that an illegal attack was made upon the person of this defendant or any person with this defendant, that he, the defendant, had the right under the law to defend himself or any other person with him, from any unlawful attack, and if you believe that this defendant and other persons with him, if any, so acted you will acquit the defendant and say by your verdict not guilty."

It seems to be the prevailing rule in this state that a special requested charge may be refused where the same subject is substantially covered in the court's main charge or is embraced in another special requested instruction which is given. To give a number of instructions embracing substantially the same subject would possibly lend undue emphasis to the matter covered thereby. See Tucker v. State, 150 S. W. 190; Seymour v. State, 93 Texas Cr. R. 186; Mays v. State, 58 Texas Cr. R. 651.

Where the defendant in a misdemeanor case requests a special instruction on any phase of the case, he is required to present a correct charge covering the same and not by piece meal.

Appellant also complains of the court's action in declining to give his special requested instruction on the law of circumstantial evidence. It is well established in this state that a charge on circumstantial evidence it not required where the main fact is proved by direct testimony and the question of the defendant's intent only is to be inferred from the circumstances. See Tex. Jur., 1939 Supplement, page 584, sec 102. In the instant case, the main fact was proven by direct evidence.

By Bills of Exception Nos. 3, 4, 5, 6 and 7, appellant complains of the action of the trial court in excluding certain testimony sought to be elicited from the witnesses Jackson, Hog-

anmiller, Henry, Reynolds and Smith as to their reasons for going out to the lease to talk to Mr. Martin. Appellant contends that each of the witnesses mentioned would have testified that they knew Martin while he was working a crew of rig builders at Tyler, Texas; that he carried no workman's compensation insurance; that one of his workmen fell from a derrick and was killed, leaving a widow and child without compensation or damages. The record reflects that quite a number of witnesses had testified to the same facts as those which were sought to be established by the excluded testimony. In our opinion, the bills fail to reflect reversible error because the excluded testimony would have been but a repetition of that given by a number of other witnesses who, on the morning in question, had gone with the defendant to the lease where Mr. Martin was at work with his crew. We are of the opinion that the court had a right to place a reasonable limitation on the number of witnesses testifying to the same fact. Morever, the record shows that the witnesses mentioned were all permitted to testify as to their object and purpose in going to the lease. Under the state of facts reflected by the record, we fail to see that any reversible error was committed by the trial court.

Appellant also challenges the sufficiency of the evidence to sustain his conviction. The record shows that on the day in question the appellant, accompanied by some twenty or twenty-five men, who belonged to an oil field workers' union, went to the place where J. Earl Martin and his crew were at work skidding an oil derrick; that they talked to him as to whether or not he and his crew belonged to the union; that during the discussion and without permission, they took the switch key out of the truck which was used by Martin and his crew in the performance of their work; that they went back to town but later returned, stopping out in the road a short distance from the premises where Martin and his crew were at work, waited for them to come out, and when they did so, Martin and his companions were attacked by the appellant and his associates, who used hatchets, wrenches, pick handles, etc., thereby inflicting serious injuries upon Martin and some of his crew.

We deem the evidence sufficient to sustain the conviction.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the court.

ON APPELLANT'S MOTION FOR REHEARING

CHRISTIAN, Judge.

After carefully re-examining the record in the light of the motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.