**Martin Steven LITTLETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40051.**

Court of Criminal Appeals of Texas.

Jan. 25, 1967.

Rehearing Denied March 8, 1967.

Certiorari Denied Oct. 9, 1967.

See 88 S.Ct. 115.

**356**

W. C. Shead, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, three years.

Notice of appeal was given on January 29, 1965, but because of numerous extensions of time granted, the record did not reach this Court until November 30, 1966.

Since this appeal is controlled by Vernon's Ann.Code of Criminal Procedure in effect prior to January 1, 1966, a brief statement of the facts is required.

Appellant, 55 years of age, had been married to the 34 year old deceased for sixteen years. About a week prior to the homicide, appellant became suspicious that deceased was having an illicit relationship with one John Brooks, a 28 year old single man who rented and resided in a small house at the rear of his home. At dusk on the night of the homicide, deceased left with John Brooks and several very small children to go to a drive-in movie. Witnesses for the State said they went with appellant's knowledge and consent. Appellant testified that he did not know that Brooks was with the deceased until after they left. Appellant concealed his automobile so that it would appear that he was not at home. Brooks, the deceased and the sleeping children did not return home until 3:00 a.m. By this time appellant was considerably agitated and instead of confronting them and demanding an explanation, he absented himself from the house, but kept it under surveillance and repeatedly peeped through the windows. In the meantime he armed himself with a shot gun and when he saw what appeared to him to be two naked bodies close together in deceased's bedroom, he fired one shot through the window. It was shown that pellets from this blast hit both deceased and Brooks. Appellant then entered his home and fired

two more shots in the dark. Both deceased and Brooks were killed instantly. In answer to appellant's call, the police arrived and found Brooks naked from the waist up in the bedroom and deceased clad only in her panties and a sweater in the same room.

This prosecution was for the slaying of appellant's wife. We find the evidence sufficient to support the conviction and will discuss the contentions raised by brief and in argument.

It is first contended that the court erred in failing to grant a mistrial when the prosecutor allegedly displayed a picture of Brooks' bullet ridden body to the jury. The picture has been brought forward in this record, but the proof that the jury saw it is meager. The picture was not admitted in evidence or ever handed to the jury. When objection was made that the prosecutor had displayed it to the jury, the Court promptly inquired if any member of the jury had seen the picture. One juror answered, "a portion of the picture," but that, "the details were not clear." Another juror informed the court that she too had seen the picture which she could identify as a picture of a body but not distinctly. When no other juror volunteered anything in answer to the judge's questions propounded to the panel, the panel was retired from the courtroom and the prosecutor was questioned. He testified that after having completed his examination of a witness he carried the picture in front of the jury concealing the same from them but inadvertently placed it face up among the exhibits. He stated that he immediately realized his mistake and turned it over. No further testimony was adduced on the question.

We have concluded that no reversible error is shown and the Court did not err in failing to grant a mistrial.

Appellant's next contention is that he was denied due process of law in that his attorney was forcibly prevented from entering the premises and making a proper investigation and from counseling with appellant at the scene. He bases his contention on his testimony that after he had called the police and while waiting for them to arrive he went to the home of his attorney (who represents appellant on appeal but did not at the trial) which was a short distance from his home and asked him to come to the scene and his attorney agreed to do so. He further relies upon the testimony of one of the officers who participated in the on-the-scene investigation that no one was allowed in the bedroom other than police officers, investigators, medical examiners and the ambulance driver. Attornel Shead testified at the trial in absence of the jury as to other matters, but he was not questioned as to whether he went immediately to appellant's house or not. Assuming, but not deciding, that there could be merit in appellant's contention, he simply does not have facts before us to authorize a consideration of the same.

Appellant's third contention is that the court erred in failing to charge on circumstantial evidence. In the case at bar, appellant testified fully as to firing the shot gun three times, but contends the blast that killed his wife was fired at a human form in the dark which he thought was the naked body of John Brooks and that he had no intention of killing the deceased. This Court said in Ralph v. State, 141 Tex.Cr.R. 371, 148 S.W.2d 401, "It is well established in this state that a charge on circumstantial evidence is not required where the main fact is proved by direct testimony and the question of the defendant's intent only is to be inferred from the circumstances."

Finding no reversible error, the judgment is affirmed.