WOOD WALDING v. THE STATE.

No. 19879.   Delivered November 2, 1938.

The opinion states the case.

*G. B. Harness* and *R. H. Ratliff*, both of Colorado, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for adultery; the punishment assessed is a fine of $100.00.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction under the charge in the complaint and information wherein it is averred that Wood Walding, a married man, and Kate Goodrich, a married woman, did, on or about the 10th day of August, 1937, commit adultery by then and there having habitual carnal intercourse without living together.

In order to meet the allegation in the complaint and information, it was necessary that the evidence show (1) that each of the parties was married to another and (2) that they had habitual sexual intercourse with each other without living together. The State failed to prove a single act of sexual intercourse between the parties. The only circumstances which the evidence established was that appellant visited at the Goodrich home; that at times he or she would give the son of Mrs. Goodrich money to go to the picture show while they remained at home and at times they would go to a restaurant together, accompanied, sometimes, by her husband. That at one time appellant inquired of the owner of a tourist camp the price of a cottage and thereafter Mrs. Goodrich rented a cottage and moved in. That appellant would frequently come there in his car to see her, but he never got out and entered her apartment, nor did he ever take her for a ride.

These may be suspicious circumstances, but they are not sufficient to prove habitual sexual intercourse. The State, no doubt, realized this and therefore offered in evidence an ex parte affidavit by Mrs. Goodrich to the effect that she and appellant had engaged in sexual intercourse. Appellant objected to the introduction of the affidavit on various grounds, among them that it was an invasion of his constitutional right to be confronted with the witness. The court overruled the objection and appellant excepted.

The ex parte affidavit was not admissible in evidence over

appellant's timely objections, nor was the judgment of conviction of Mrs. Goodrich who was charged with the same offense.

Eliminating these, the evidence is insufficient to sustain his conviction. See Wilburn v. State, 77 S. W. 3; Hays v. State, 73 Texas Crim. Rep. 58; Newborn v. State, 292 S. W. 247; Torres v. State, 113 Texas Crim. Rep. 1; Buckner v. State, 72 S. W. (2d) 274.

In view of another trial, we direct the trial court's attention to the fact that there is no competent evidence in the record showing appellant to have been a married man. See Article 500, P. C.

For the errors herein pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.