**Martin VARGAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41850.**

Court of Criminal Appeals of Texas.

June 25, 1969.

Nago L. Alaniz, San Diego, R. E. Lopez, Jr., Alice, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary, the punishment, four years.

At appellant's trial, the State called a co-indictee who had previously been convicted for the burglary with which appellant was charged. The co-indictee claimed the Fifth Amendment privilege against self-incrimination throughout examination by the prosecutor and even under threat of contempt. Upon the witness' first refusal to answer a question, the prosecutor said: "This man has no right to refuse to testify on the grounds of incrimination. *He's already been convicted of the offense for which he is to be questioned.*" Voir dire examination later developed that the prosecutor had spoken with the witness the previous day in jail and that when the prosecutor told the witness he was going to be called, the witness made no response.

■ Appellant has predicated error upon the state's calling of this co-indictee as a state witness; and we agree with such contention. The following quotation from

Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706, is determinative of this appeal:

"Unless the witness has agreed to turn state's evidence, the prosecution ought not to place him on the stand; to do so and wring from him a refusal to testify, affording to the jury an opportunity to consider the refusal as a circumstance of guilt, has been said to be 'certainly prejudicial.'"

■ The prosecutor's statement that appellant's co-indictee had been convicted for the same offense prior to the trial was also reversible error. Barton v. State, 172 Tex. Cr.R. 600, 361 S.W.2d 716.

For the errors pointed out, the conviction is reversed and the cause remanded.

WOODLEY, P. J., not participating.