Asa Lamar **WALKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50289.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Michael Kuhn and E. Stanley Topek, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for sale of an obscene book. After a jury verdict of guilty, punishment was assessed by the judge at thirty days in jail and a $1,000.00 fine.

A police officer dressed in civilian clothes went to the Eros Book Store in Houston and bought a book titled "Cum Together" from appellant. The jury found it to be obscene.

■ Appellant contends that the court erred in excluding evidence that another jury in another case found an accused not guilty. By formal bill of exception, it is shown that the proffered evidence was that Rodney Carl Rollins was charged with the sale of an obscene book titled "Apartment Sinners" and that the jury found him not guilty.

Appellant contends that the not guilty verdict in the Rollins case was admissible on the issue of contemporary community standards. In *Bacon v. State,* 147 Tex.Cr.R. 605, 183 S.W.2d 177 (1944), this Court wrote:

"Upon the trial appellant sought to prove the fact of Chastain's acquittal. It is well established as a general rule that upon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted. Wharton's Crim. Evidence, 11 Ed., Vol. 2, p. 1216, Sec. 724; 22 C.J.S., Criminal Law, § 784, p. 1334; *Giles v. State,* 109 Tex.Cr.R. 234, 4 S.W.2d 66; *Bell v. State,* 33 Tex.Cr.R. 163, 25 S.W. 769; *Harper v. State,* 11 Tex.App. 1; *Walding v. State,* 135 Tex.Cr.R. 430, 120 S.W.2d 1052. Cited in the notes under the sections in the text books will be found many cases from other jurisdictions supporting the principal announced in the Texas cases (supra)."

See also *Tucker v. State,* 461 S.W.2d 630 (Tex.Cr.App.1971).

There is no reason to change the rule for the purpose of obscenity prosecutions, especially where one has been charged with a separate crime. See also Article 527, Section 7, V.A.P.C. (1925), in effect at the time of this trial.

It should be noted that there was no special verdict showing that the jury in the Rollins case found the book not to be obscene. The jury could have based its verdict on several grounds; for example, that Rollins did not sell the book. If proof of verdicts in other cases could be shown, then there would have to be proof of the reasons a jury reached their verdict. If proof of acquittals were allowed, then it follows that proof of convictions should be allowed.

■ We hold that proof of prior acquittals in obscenity cases is not admissible in subsequent cases on the issue of community standards.

No error is shown. The judgment is affirmed.