**William Charles ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50469.**

Court of Criminal Appeals of Texas.

Jan. 14, 1976.

Rehearing Denied Feb. 4, 1976.

Donald D. Koons, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, Dan Pitzer and John Roach, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

GREEN, Commissioner.

Our opinion on the original submission of this appeal is withdrawn, and the following opinion is rendered in lieu thereof.

In a trial before a jury, appellant was convicted of the misdemeanor offense of driving while intoxicated. Punishment was assessed at a fine of $50.00 and three days in the county jail, probated.

The record reflects that David Outlaw, an Irving police officer, while on patrol in Irving about 2:45 a. m. on February 23, 1974,

noticed a Cadillac automobile being operated in such a manner that he decided to investigate. Appellant was the driver of the car, and Mike Shackleford was a passenger in the front seat. Outlaw testified that he had had much experience with intoxicated men, and that in his opinion appellant was "very intoxicated" and that Shackleford was "moderately intoxicated, not extreme."

Officer Strum, dispatched to the scene after Outlaw had radioed for a back-up man, also testified that in his opinion both men were intoxicated.

The officers arrested both men and took them to the police station.

Appellant and Shackleford testified, and each denied being intoxicated on this occasion.

The sufficiency of the evidence is not challenged.

The sole contention of appellant on this appeal is that the trial court erred to his prejudice in denying him the right to prove that Mike Shackleford, in a prior trial in city court, was acquitted of the public intoxication [1] charge arising out of the same transaction for which appellant was on trial. Appellant argues that Shackleford's acquittal was admissible upon the issue of the credibility of the arresting officers' testimony of the intoxication of appellant and Shackleford. He also argues that the prosecution having injected the alleged intoxication of Shackleford, his arrest and the filing of a complaint [2] against him, appellant should be entitled to show the remainder of the transaction; to-wit, the acquittal of Shackleford of the charge of public intoxication.

On cross-examination of Officer Outlaw, the State's first witness, appellant brought out that a complaint was filed against Shackleford for public intoxication in connection with this occasion. When the witness was first asked by defense counsel about the filing of such complaint, the State objected on the ground that "Mr. Shackleford is not on trial here today." The objection was overruled. Further inquiries by defense counsel developed testimony that the complaint as filed misstated the location at which the alleged public intoxication occurred. Thereupon the court excused the jury and appellant offered to prove by Officer Outlaw that in a trial of Shackleford for public intoxication in city court, at which Outlaw had testified, a verdict of not guilty was rendered. Defense counsel argued that this evidence was admissible "as going to the officer's credibility, and particularly since the State brought it out on direct examination." The State's objection that the disposition of Shackleford's case was irrelevant to the trial of the instant case was sustained. Appellant also sought to be permitted to introduce this evidence before the jury by witness Shackleford, but the State's objection was again sustained.

Recently, in *Walker v. State*, Tex.Cr. App., 530 S.W.2d 572 (1975), we quoted with approval from *Bacon v. State*, 147 Tex.Cr.R. 605, 183 S.W.2d 177 (1944) as follows:

"Upon the trial appellant sought to prove the fact of Chastain's acquittal. It is well established as a general rule that upon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted. Wharton's Crim. Evidence, 11 Ed., Vol. 2, p. 1216, Sec. 724; 22 C.J.S. Criminal Law Sec. 784, p. 1334; *Giles v. State*, 109 Tex.Cr.R. 234, 4 S.W.2d 66; *Bell v. State*, 33 Tex.Cr.R. 163, 25 S.W. 769; *Harper v. State*, 11 Tex.App. 1; *Walding v. State*, 135 Tex.Cr.R. 430, 120 S.W.2d 1052. Cited in the notes under the sections in the textbooks will be found many cases from other jurisdic-

---

1. See V.T.C.A. Penal Code, Sec. 42.08.

2. The record reflects that the fact that a complaint was filed against Shackleford was

injected into the evidence by the appellant, and not by the State.

tions supporting the principal announced in the Texas cases (supra)."

We quote further from *Walker,* supra, as follows:

"It should be noted that there was no special verdict showing that the jury in the Rollins [3] case found the book to be obscene. The jury could have based its verdict on several grounds; for example, that Rollins did not sell the book. If proof of verdicts in other cases could be shown, then there would have to be proof of the reasons a jury reached their verdict. If proof of acquittals were allowed, then it follows that proof of convictions should be allowed."

In *Tucker v. State,* 461 S.W.2d 630, we said:

"It is axiomatic that it is inadmissible to prove that another, jointly or separately indicted for the same offense, has been convicted or acquitted. *Bacon v. State,* 147 Tex.Cr.R. 605, 183 S.W.2d 177; *Barton v. State,* 172 Tex.Cr.R. 600, 361 S.W.2d 716."

While Shackleford was not charged with the same offense as appellant, the offense with which he was charged involved intoxication growing out of the same transaction as the charge against appellant.

The elements of the offense of public intoxication set forth in V.T.C.A. Penal Code, Sec. 42.08, are (1) an individual (2) appears in a public place (3) under the influence of alcohol or any other substance (4) to the degree that he may endanger himself or another. In a trial for public intoxication, it is necessary that the prosecution prove each and all of these elements beyond a reasonable doubt in order to establish a case against the accused. In the absence of proof of any one element, the accused is entitled to an acquittal. The acquittal of Shackleford of public intoxication does not serve to impeach or discredit the officer's testimony that he was intoxi-

cated. It was proper that the jury in appellant's trial was not permitted to speculate on the reasons for such acquittal. Neither should any portion of that case be retried in the instant trial in an attempt to show the reasons for such judgment.

The evidence of Shackleford having been acquitted was not admissible for any purpose, and the trial court did not err in refusing to admit it. *Walker v. State,* supra; *Tucker v. State,* supra.

The State's motion for rehearing is granted. The order reversing the judgment is set aside.

The judgment is affirmed.

Opinion approved by the Court.

acquittal on the issue of contemporary community standards in an obscenity trial.

---

**3.** "Rollins" was the party who had been acquitted in the other trial. The defendant Walker sought to introduce evidence of his