William Lee **BAILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50233.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

James E. Davis, on appeal only, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of robbery by firearms; the punishment assessed by the jury is imprisonment for 25 years.

A judgment was reversed in an earlier appeal from a conviction for the same offense because the punishment assessed was not authorized by law. See *Bailey v. State,* 501 S.W.2d 633 (Tex.Cr.App.1973). The appellant was again tried for this offense; a mistrial was declared on April 25, 1974, because the jury could not reach a verdict. In this appeal from the judgment after the third trial the appellant urges several grounds of error, but it is only necessary for us to consider one of them. In that ground the appellant complains of the prosecutor's jury argument.

Our disposition of this appeal is controlled by the recent case of *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr.App.1974). There we held that when defense counsel's argument is not objectionable the State may not in reply go outside the record and argue facts not in evidence. During his argument at the guilt-innocence phase of the trial the prosecutor argued as follows:

"MR. HALL: . . . .

"Now, Mr. Davis says, 'Well, where is Earnest Minnifield'? I just want to tell you where he is. I'm happy to tell you where he is. He's in the Texas Penitentiary.

"MR. DAVIS: I object, Your Honor. That's improper jury argument.

"THE COURT: I specifically recall your asking that question before this Jury. Overruled.

"MR. HALL: I'm just more than happy to tell you where he is. And, I'm—he said, 'Well, why wouldn't Minnifield testify? Why wouldn't he?' Well, I'm here to tell you that Minniefield had an opportunity and he refused to testify against Bailey. Minniefield has been convicted of this armed robbery just like Bailey should be.

"MR. DAVIS: I object, Your Honor, to him telling the Jury the disposition of Mr. Minniefield's case.

"THE COURT: Overruled."

The State strenuously urges that the prosecutor's argument was in reply to the following argument made by defense counsel:

"Now, the State has made mention—and, I certainly agree—that what I say is not evidence. What Mr. Hall will say in a few minutes is not evidence; what Mr. Dowd has said is not evidence. The evidence comes from the witness stand, and naturally, if you're going to have an arm-

ed robbery, no one sells tickets to an armed robbery. But, where is Earnest Minniefield? Why didn't The State put him on the stand and let him tell who was in the store? Surely, he knows. You have a right to assume that his testimony wouldn't be what The State of Texas wanted you to hear, or they would have put him there and had him testify as well."

The defense counsel's argument was not objectionable. There is no evidence in the record that Minniefield had been convicted and was serving a sentence in prison for this armed robbery. This unsworn testimony of the prosecutor injected new facts into the case and was manifestly harmful to the appellant. See *Vargas v. State,* 442 S.W.2d 686 (Tex.Cr.App.1969); *Barton v. State,* 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962); cf. *Thomas v. State,* 519 S.W.2d 430 (Tex.Cr. App.1975); *Smith v. State,* 506 S.W.2d 602 (Tex.Cr.App.1974); *Garrison v. State,* 528 S.W.2d 837 (Tex.Cr.App., decided Oct. 15, 1975).

The State contends *Meadowes v. State,* 368 S.W.2d 203 (Tex.Cr.App.1963), supports its position that the argument was invited. *Meadowes,* however, is distinguishable in that there counsel for the defendant was the first to go outside the record; the prosecutor responded by going outside the record. Defendant's counsel argued as follows:

"We haven't heard from Mr. Frost on this thing. *We certainly couldn't use him, couldn't try.* I think the State could have very handily if they had wanted to, but we didn't get to hear from him." (emphasis ours.)

Frost accompanied the defendant when he sold dangerous drugs to two undercover agents. The emphasized portion of the argument was an unmistakable reference to Art. 711, V.A.C.C.P. (1925),[1] which provided that co-indictees were not competent witnesses for each other. Defendant's argument necessarily implied that Frost had been charged in connection with the same offense and was therefore outside the record. The prosecutor accepted the invitation by going outside the record to inform the jury that Frost was "doing two years in jail." In the case at bar the appellant's argument was permissible; the only objectionable argument was made by the prosecutor.

It would have been appropriate for the prosecutor to argue that Earnest Minniefield was equally available as a witness for the defense as he was for the prosecutor. *Easley v. State,* 454 S.W.2d 758 (Tex.Cr. App.1970); *Luna v. State,* 461 S.W.2d 600 (Tex.Cr.App.1971).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ONION, Presiding Judge (concurring).

While I agree the instant case must once again be reversed, I cannot agree for the reason stated by the majority. The prosecutor perhaps should not have told the jury the co-defendant Minniefield had been convicted of "this armed robbery,"[1] but I conclude that argument was invited by defense counsel's earlier argument set forth in the majority opinion. Further, in light of the evidence before the jury of Minniefield's participation in the robbery and the rule that the State may respond to invited argument, the error, if any, was harmless.

I would reverse, however, for another reason. Frank Horton testified for the State that the appellant and Minniefield had urged him to participate with them in the instant robbery, but because of his size, over three hundred pounds, and easy identification and because he was scared, he left

---

1. Held to be unconstitutional in *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

1. *Adams v. State,* 531 S.W.2d 626 (Tex.Cr. App., delivered Jan. 14, 1976); *Walker v. State,* 530 S.W.2d 572 (Tex.Cr.App., delivered Dec. 17, 1975).

the car in which the other two were riding and did not participate in the robbery. His testimony was most damaging to the appellant. At the conclusion of the State's case in chief the defense offered a stipulation, agreed to by the State, that the indictment against Horton for robbery in the instant case had been dismissed. The court instructed the jury that Horton was an accomplice witness as a matter of law and that a conviction could not be had upon his testimony unless the jury first believed the testimony to be true and further it had to be corroborated, etc. Subsequently, the defense counsel mentioned that Horton's testimony by itself was "not sufficient by law" and that it came from a "successful accomplice" witness "in that he shifted the blame to somebody else and got the case against him dismissed."

In his closing argument at the guilt stage of the trial the prosecutor argued that Horton was telling the truth and, in response to the stipulation as to the dismissal order and counsel's argument, stated: "Well, in that connection, before a criminal case can be dismissed, The State must file a Motion and present evidence into Court to dismiss it, and the Court must sign the order, and the Court will not dismiss the case unless he is convinced that the man is innocent. That's why it was dismissed against Frank Horton. . . ." The objection that there was no finding of innocence by the dismissal order was overruled.

Article 32.02, Vernon's Ann.C.C.P., provides:

"The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

It is clear that a judge cannot dismiss an indictment under Article 32.02, supra, until a State's motion to dismiss is presented to him, *Flores v. State,* 487 S.W.2d 122 (Tex. Cr.App.1972), but it is also clear that a case cannot be dismissed until the presiding judge consents to such order.

It does not follow, however, that when the court consents to a dismissal order for whatever reasons stated in the State's motion to dismiss the court is finding the accused is innocent of the crime charged as argued by the prosecutor, and there is no showing in the evidence that the dismissal revealed such a finding by the district judge who entered the order.

The unsworn testimony of the prosecutor that Horton had been found innocent by another district judge injected new facts into the case and was manifestly harmful to the appellant, especially in light of the trial court's instruction that Horton's testimony was to be considered as that of an accomplice and the issue of the complaining witness' identification of the appellant raised before the jury.[2]

I concur in the reversal.

DOUGLAS, J., joins in this concurrence.

---

2. The complaining witness did identify the appellant as one of the two robbers, but he admitted that he had attended a lineup and had been unable to identify the appellant, that a police officer told him one of the robbers was in the lineup and actually pointed out the appellant to the complaining witness, but he was still unable to identify him until he later saw the appellant sitting on a bench in the courthouse.