Randy Duane THORNTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52597.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Ernest W. Rothfelder, Fort Worth, for appellant.

Jerry W. Woodlock, Dist. Atty., Gainesville, Jim D. Vollers, State's Atty., and

David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of over four ounces of marihuana. Punishment was assessed by the jury at five years.

The indictment alleged the offense occurred on or about June 5, 1974, and the record reflects that trial was on April 7, 1975.

Appellant in his second ground of error contends that "the argument of the prosecutor was prejudicial injecting harmful unsworn testimony before the Jury."

In light of the State's response that the complained-of argument was invited, we look first to the following argument of appellant:

"Let me ask you this; where are those witnesses they are talking about, Baird and the other, why isn't he here telling you about going to Kansas with him, or those others. Why aren't they here to tell about the deal that they had, they were in business together, they were getting marijuana together for sale. Why couldn't they bring them in here to testify? They are witnesses to the whole transaction. They are the ones that they brought in what 'they' said through the agent instead of letting them come in, which I objected to. I say if they've got something to say about this transaction, they got something to say about Randy, let them say it from the witness stand, but they aren't here. . . . ."

The record reflects that the following occurred during the argument of the prosecutor:

" . . . Well, Mr. Rothfelder asked where Baird and Munoz are. They are in Huntsville doing seven years on this same offense. That's where Baird and Munoz are. Mr. Rothfelder called me Thursday the week before this started, and asked me was I going to have Baird and Munoz here. I said, 'No, Mr. Rothfelder, I'm not going to have Baird and Munoz here, but if you want them here—

"MR. ROTHFELDER: Your Honor, I object to this type of argument, it's not in evidence.

"MR. WOODLOCK: Your Honor, he invited this, he asked why I didn't have them here, and I'm entitled to tell why they are not here.

"MR. ROTHFELDER: The time to tell was during the trial, and nobody testified to that.

"MR. WOODLOCK: He invited it.

"THE COURT: I'm going to overrule the objection.

"MR. ROTHFELDER: Please note my exception.

"MR. WOODLOCK: I talked to him Thursday of last week, and said that I was not going to have them here, but that if he wanted them here to testify he could get out a bench warrant. I said, if you'll be up here Friday, which was last week, with the bench warrant, I'll make sure the Sheriff has them here. He didn't show up Friday. I thought to myself, well, we'll pick a jury Monday, probably start testimony Tuesday. If he wants them up here, he could get out a bench warrant Monday and I'll have to (sic) Sheriff go down there and have them here Tuesday morning. They are not here, but it's not just because I didn't call them. I didn't think I needed them to make my case. I told him he could have them here.

"MR. ROTHFELDER: Your Honor, I object to this further argument as I have no way to answer to the things that he said that I said. I think it's improper argument.

"MR. WOODLOCK: He opened it up. If he didn't want me to argue, he shouldn't have argued.

"THE COURT: I overrule the objection.

"MR. ROTHFELDER: There's nothing in the record to show why they are in Huntsville.

"THE COURT: Counsel, I've already ruled."

In *Reynolds v. State*, Tex.Cr.App., 505 S.W.2d 265, we stated that the rule on invited error is that the prosecutor may go outside the record in his argument to respond to argument of defendant's counsel that is outside the record. Here, defense counsel's argument was not an impermissible venture outside the record, and the State was not entitled to respond to the argument by going beyond the record.

In *Bailey v. State*, Tex.Cr.App., 531 S.W.2d 628, a case very similar to the instant case, the defense counsel argued, " . . . But, where is Earnest Minniefield? Why didn't The State put him on the stand and let him tell who was in the store? . . . ." The prosecutor in *Bailey* replied, "Now, Mr. Davis says, 'Well, where is Earnest Minniefield?' I just want to tell you where he is. I'm happy to tell you where he is. He's in the Texas Penitentiary. . . . I'm just more than happy to tell you where he is. And, I'm—he said, 'Well, why wouldn't Minniefield testify? Why wouldn't he?' Well, I'm here to tell you that Minniefield had an opportunity and he refused to testify against Bailey. Minniefield has been convicted of this armed robbery just like Bailey should be."

We reversed in *Bailey*, holding that since defense counsel's argument was not objectionable, and no evidence was in the record that Minniefield was serving a sentence in prison for armed robbery, the prosecutor's remarks injected new and harmful facts into the case.

 In the case before us, there is nothing in the record concerning pre-trial conversations between appellant's attorney and the prosecutor regarding the possible testimony of Baird or Munoz. Likewise, there is no evidence in the record that Baird and Munoz were in Huntsville serving seven years "for this same offense." As a general rule, such information cannot be admitted into evidence because upon a trial of one charged with crime, it is not permissible to show that another jointly or severally indicted for the same offense has been convicted or acquitted. *Walker v. State*, Tex.Cr.App., 530 S.W.2d 572; *Tucker v. State*, Tex.Cr.App., 461 S.W.2d 630; *Bacon v. State*, 147 Tex.Cr. 605, 183 S.W.2d 177. The unsworn testimony of the prosecutor injected new facts into the case which were harmful and prejudicial to appellant.

The prosecutor could have replied that Baird and Munoz were equally available for witnesses for the defense as they were for the State, *Bailey v. State*, supra, but the prosecutor could not go outside the record or inject facts that were otherwise not admissible.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., concurs in the results.