**Vito Alecio RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 53400, 53401.**

Court of Criminal Appeals of Texas.

June 8, 1977.

Rehearing Denied July 6, 1977.

Daniel V. Alfaro, Albert R. Huerta and Juan P. Gonzalez, Corpus Christi, for appellant.

Oscar McInnis, Dist. Atty., Tom Beery, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These appeals are from an order revoking probation and from a conviction for the possession of heroin.

On December 11, 1973, after waiving a jury trial, the appellant entered a plea of guilty to the offense of possession of marihuana; the punishment was imprisonment for 5 years and a fine of $2,000. The imposition of sentence was suspended, and the appellant was granted probation. The State's motion to revoke probation alleged that the appellant possessed and delivered heroin to an undercover agent on August 14, 1975, in violation of the condition of probation that he would commit no offense against the laws of this state. The motion to revoke appellant's probation was heard by the trial court, and the appellant's trial for possessing and delivering heroin was heard by the jury, at the same time.

After hearing the evidence the court revoked the appellant's probation and pronounced sentence. After it found the appellant guilty of possessing heroin, the jury assessed punishment of imprisonment for 13 years and a fine of $4,500. When the court sentenced the appellant, the punishment assessed for the possession of heroin was cumulated with the punishment assessed for possession of marihuana.

The appellant urges that: (1) the evidence is not sufficient to sustain either the conviction for possession of heroin or the order revoking probation; (2) hearsay evidence purportedly admitted under the co-conspirator exception to the hearsay rule was erroneously admitted; (3) the trial court erred in not granting a motion for mistrial after a prosecutor, in the presence of the jury, called defense counsel a liar; (4) a prosecutor's improper argument required reversal of the judgment; (5) the trial court's threat to hold the appellant's counsel in contempt resulted in depriving the appellant of a fair trial and in depriving the appellant of effective assistance of counsel; (6) his counsel was erroneously denied the right to cross-examine co-defendants about the disposition of their cases; (7) the trial court erred in cumulating the punishment for possession of heroin and the punishment for possession of marihuana; and (8) the trial court erred in not specifying its reasons for revoking the appellant's probation.

We first discuss the sufficiency of the evidence. A Department of Public Safety undercover agent, Robert Fullerton, discussed with Jose Manuel Guerro the purchase of a quantity of heroin. Later Fullerton and fellow undercover agent Tom Jones met Guerro and Marguireto Garza Almaguer; Almaguer showed the undercover agents a sample of heroin and quoted them a sale price for the heroin of $1,350 per ounce. The next day, with Officer Chris Trevino hidden in the trunk of their car, the undercover agents picked up Guerro and Almaguer. The undercover agents showed Almaguer $50,000 in cash, and they told him they were prepared to close the deal for thirty-six ounces of heroin. Jones then placed the money in the trunk of the agent's car where Trevino was hidden. Fullerton stayed with Guerro and Guerro's companion, David Davilla; Jones, in the agent's car, accompanied by Almaguer, drove into the country to accept delivery of the heroin. After driving back and forth on the highway, Jones, directed by Almaguer, parked the car near a vacant trailer house. Then a Mercury automobile and a Plymouth automobile stopped on the road about one hundred yards from Jones' car. The driver of the Plymouth, Almador Ayla, entered the Mercury, which was driven by the appellant, and they drove to and parked behind Jones' car. The appellant asked Almaguer if "everything was ready." Almaguer told the appellant everything was

ready and that the money was in the trunk of Jones' car. The appellant took Ayla back to the Plymouth, and they returned with both automobiles which they parked near Jones' car. Ayla got out of the Plymouth, and as he started to walk toward Jones' car the appellant told Ayla to "get the stuff." Ayla opened the trunk of the Plymouth, and, carrying a paper bag, he again started to walk toward Jones' car. Jones opened the trunk of his car; Trevino sprang out of the trunk; and Jones and Trevino placed Ayla, Guerro and the appellant under arrest for possession and delivery of heroin. Ayla dropped the paper bag in which there were thirty-six smaller bags. These bags were seized by Jones and Trevino; when the contents of these bags were analyzed by a chemist they were found to contain thirty-two ounces of thirty-two percent pure heroin.

The appellant denied that he had any knowledge of the purchase and sale of the heroin; he testified that he had driven to the scene at Ayla's request to pick up Ayla after Ayla had left his car at that place. The court, as the trier of the facts on the motion for revocation of probation, found beyond a reasonable doubt that the appellant possessed and delivered heroin; the court then revoked appellant's probation. The jury resolved conflicts in the evidence and found the appellant guilty of possession of heroin. The evidence is sufficient to support the jury's verdict of guilty and the court's order revoking probation.

The appellant most strenuously argues that the trial court erred in admitting the testimony of the undercover agents concerning their negotiations for the purchase of the heroin. The appellant was not present when the officers had these conversations with Guerro and Almaguer. The appellant asserts that this hearsay evidence was not properly admitted under the co-conspirator exception to the hearsay rule, because the State failed to prove that the appellant was a co-conspirator and failed to show the appellant aided in the furtherance of the conspiracy before the hearsay testimony was admitted.

■ The co-conspirator exception to the hearsay rule is not limited to prosecutions for a conspiracy, but it is a rule of evidence applicable to the prosecution of any offense in which co-conspirators participate. E. g. *Phelps v. State*, 462 S.W.2d 310 (Tex.Cr. App.1970); *United States v. Mendoza*, 473 F.2d 692 (5th Cir. 1972).

■ Proof of a defendant's participation in and the existence of the conspiracy need not be made before the hearsay statements of a co-conspirator are admitted. In other words, the order of proof is not material. *Mutscher v. State*, 514 S.W.2d 905 (Tex.Cr.App.1974); *United States v. Martinez*, 481 F.2d 214 (5th Cir. 1973). Even though the appellant may not have joined the conspiracy until after the conversations about which he complains occurred, the conversations were in furtherance of the conspiracy, and they were admissible. *Smith v. State*, 21 Tex.App. 96, 17 S.W. 560 (1886); *West v. State*, 134 Tex.Cr.R. 565, 116 S.W.2d 726 (1938); *Drakes v. State*, 505 S.W.2d 892 (Tex.Cr.App.1974).

■ We need not reiterate the evidence already summarized; even though the appellant attempted to cast doubt on this evidence, the words and actions attributed to the appellant at the time of the attempt to deliver the heroin are sufficient to prove that the appellant was a co-conspirator in this criminal offense. Since the evidence is sufficient to prove the appellant was a co-conspirator the hearsay testimony concerning the conversations between the undercover agents and Guerro and Almaguer was admissible, and the trial court did not err in admitting that testimony.

■ The appellant next complains of the alleged misconduct of one of the prosecutors. Defense counsel, while cross-examining one of the undercover agents asked: "And, you know that Mr. Guerro has pled guilty in this case and received five years?" Immediately, the prosecutor reacted, saying: "I am going to object to that lie, Your Honor. That is not the truth. He has not pled guilty and received five years." The statement made by the defense counsel in

the form of a question brought before the jury a matter which was not admissible. The response made by the prosecutor was also improper. Following this episode, the trial court, in chambers, admonished and instructed both counsel concerning their conduct. The court then instructed the jury to disregard the question asked and the objection made. Defense counsel made no further objections at the time the court instructed the jury. This was an unfortunate incident which should not have occurred even in the heat of trial. However, the judge's prompt action and his instructions to the jury adequately protected the interest of the appellant.

■ At the punishment phase of the trial it appears that it was agreed that all of the argument would not be reported. Only a part of the prosecutor's closing argument was reported. The appellant complains that the following argument was improper:

"[PROSECUTOR]: The Texas Department of Public Safety has brought these agents before this Court. They have done their job. It now becomes the job of the Texas Department of Corrections to do its job. I hope, as an attorney for the State of Texas that I have done my job and I also hope I have not offended you in any way. I think that Agent Fullerton and Agent Jones have done an excellent job in this case. They caught him with over two pounds of heroin with a street value of over Two Hundred Thousand Dollars. I think that all the people that have been involved in this case, Chris Trevino of the Cameron County Organized Crime Task Force, Agents Fullerton and Jones, and all of the other people right up to the District Attorney's Office has tried to do as good a job as possible and I hope that we haven't offended you in a job that we have done. Now, you the jury in this case, are the last link of this chain of law enforcers in the County. By your verdict, you have found this man guilty of possession of heroin. The Jury can be the strongest link or the weakest link in this chain of law enforcement.

"[DEFENSE ATTORNEY]: That is improper jury argument. The Jury is not here to help law enforcement. They are here to give a man a fair trial and we object to that argument and consider it error and we request the Court to instruct the Jury to disregard it and notwithstanding that, Your Honor, we would respectfully ask this Court to declare a mistrial.

"THE COURT: Overruled.

"[DEFENSE ATTORNEY]: Note our exception.

"[PROSECUTOR]: I submit to you that you can be the strongest or weakest link in this chain and you can give this man a two year sentence in the Texas Department of Corrections but I am suggesting to you that you can knock the dope peddlers on the head by giving this man 20 years in the penitentiary and a $10,000 fine. Then, when the people out there hear this they will think twice about possessing two pounds of heroin and that is what I mean by you, ladies and gentlemen, being the strongest link in this chain of law enforcement in the State of Texas.

"[DEFENSE ATTORNEY]: Your Honor, we object to that again and ask for a mistrial.

"THE COURT: Overruled.

"[DEFENSE ATTORNEY]: Note our exception."

On appeal the appellant has expanded his complaint beyond the objections that he made at the time of trial. He now complains:

"The argument above was improper because it brought in evidence which was not before the Jury. It brought out the following statements: First, that they had caught the Defendant with two pounds of heroin. Second, that the street value of the heroin was over $200,000.00, and third, and perhaps the most important, is the statement of the prosecutor to the Jury that they were a part of the law enforcement chain. This statement as to the Jury being part of the law enforce-

ment section of the Government was made without any foundation or evidence and is clearly prejudicial against the Appellant."

Even if this matter had been preserved for review by as specific an objection made at the time of trial, as is argued on appeal, we could not agree with the appellant's contention that the prosecutor's argument was not based on the evidence in this record.

The assertions of fact are supported by the record and it appears that the prosecutor's argument was a proper plea for law enforcement. The trial court properly overruled the objection. See *Brown v. State*, 508 S.W.2d 91 (Tex.Cr.App.1974); *Chatman v. State*, 509 S.W.2d 868 (Tex.Cr.App.1974); *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App.1974).

We cannot agree with the appellant's argument that he was deprived of a fair trial and that he was deprived of the effective assistance of counsel, by the trial judge who the appellant alleges continually threatened to hold his trial counsel in contempt. On several occasions, usually in chambers, the trial judge did remind the defense counsel that the failure to observe his rulings might result in contempt proceedings. The trial judge firmly and properly controlled both counsel for the State and counsel for the appellant during the trial. Both the appellant and the State were vigorously and well represented. During the trial defense counsel complimented the trial judge on the manner in which the trial was conducted. This complaint is without merit.

The appellant also complains that the trial court would not permit him to elicit before the jury testimony showing the disposition of the charges against the co-defendants. None of the co-defendants were called as witnesses by the State, and a co-defendant called by the defendant refused to testify after invoking his Fifth Amendment privilege. The disposition of the prosecution against co-defendants never became admissible, and the trial court prop-

erly refused to let defense counsel introduce such evidence before the jury. See *Adams v. State*, 531 S.W.2d 626 (Tex.Cr.App.1976); *Walker v. State*, 530 S.W.2d 572 (Tex.Cr.App.1975); *Tucker v. State*, 461 S.W.2d 630 (Tex.Cr.App.1971).

The cumulation of the punishment for the possession of heroin with the punishment for the possession of marihuana was within the discretion of the trial court. That the evidence supporting the conviction for the possession of heroin was also used as a grounds for revoking probation does not constitute double jeopardy. See *Carter v. State*, 496 S.W.2d 603 (Tex.Cr.App.1973).

The remaining complaint is that the trial judge did not give his reasons for revoking probation. Immediately after hearing the evidence and after the jury was retired from the courtroom, the trial judge announced he would revoke probation. He stated that he found, beyond a reasonable doubt, the appellant was guilty of the offense charged. Although the appellant's counsel protested that the court should wait until the jury had returned its verdict before he revoked probation, counsel did not request more specific findings. It appears the court had, and announced, a sufficiently specific reason for revoking probation. In any event, the appellant did not at the time of trial request more specific findings of fact. See *Valdez v. State*, 508 S.W.2d 842 (Tex.Cr.App.1974).

The judgment is affirmed.

Opinion approved by the Court.