Fernando S. **RODRIGUEZ**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–82–273–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Philip Greene, Henry L. Burkholder, III, Houston, for appellant.

John Haywood, Reynaldo Cantu, Jr., Brownsville, for appellee.

Before NYE, C.J., YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of murder by a jury which assessed punishment at thirty-five years' imprisonment. Appellant brings two grounds of error by which he contends (1) that the prosecutor improperly asked five State's witnesses whether their written reports would be helpful to the jury and (2) that he was prejudiced when forced to object before the jury to the attempts by the prosecutor to have each of the five statements admitted into evidence. We affirm the judgment of the trial court.

The State presented testimony (1) from Dr. Lawrence Dahm, the pathologist who performed the autopsy on the body of the victim; (2) from Mr. John McCutcheon, the supervisor of the Toxicology Section of the Texas Department of Public Safety, who examined a blood specimen taken from the deceased; (3) from Mr. Michael Goetz, a "latent fingerprint expert" with the Texas

Department of Public Safety, who examined some twenty-six pieces of evidence from the case; (4) from Ms. Judith Scoggins, a "firearms expert" with the Texas Department of Public Safety, who performed ballistics tests on several bullets, including those taken from the deceased's body; and (5) from Mr. Edward Peterson, a forensic chemist specializing in firearms examination, who examined weapons allegedly used in this case. All five witnesses gave detailed testimony about their involvement with this case, after which the prosecutor requested that they examine a written report which purportedly summarized their testimony. Each witness testified that the summary was accurate. Appellant later objected to each of the prosecutor's attempts to introduce the written reports, arguing that they were "hearsay". The objections were sustained, and none of the reports were admitted into evidence.

In his first ground of error, appellant contends that the trial court erred by allowing the prosecutor to ask each of the five witnesses whether the written reports of their findings would be helpful to the jury. Appellant argues that the reports contained inadmissible hearsay evidence not yet placed in issue; that the questions were therefore improper, immaterial, prejudicial, and asked in bad faith; and that the questions called for lay, rather than expert, opinions which asked the witnesses to make a legal conclusion. Appellant further contends that he was harmed because the State "was permitted to establish that the written reports of each of their witnesses were useful documents to the jury."

■ Appellant's trial objection was that the question called for a conclusion on the part of the witness. A specific objection raised on appeal will not be considered if it varies from the specific objection made at trial. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979).

■ Even if appellant had properly preserved his complaint, we would not find reversible error. A judgment will not be reversed for admission of evidence that did not injure the accused. The question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Gutierrez v. State*, 628 S.W.2d 57 (Tex.Cr.App.1980); *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr. App.1980); *Weddle v. State*, 628 S.W.2d 268 (Tex.App.—Corpus Christi 1982, no d.r.).

■ There is no reversible error merely because the jury may have been left with the impression that the witnesses thought the transcription of their own testimony would be helpful. Some of the testimony was in fact technical and very complex. There was no suggestion that the reports contained matter other than that which had already been placed in evidence by the prior testimony. The error, if any, was harmless. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that he was improperly forced to object before the jury to the prosecutor's repeated attempts to introduce the written reports into evidence. Appellant successfully objected to the introduction of the reports on grounds of "hearsay," but appellant's attorney never requested that the jury be instructed to disregard the offers. Appellant's attorney moved for a mistrial twice—once, on grounds stated to be "for the same series of questions that I objected to," and again on the day after one of the objectionable offers occurred.

■ Alleged error is waived if counsel's objection is sustained and he fails to ask for an instruction which would have protected his client's rights or would have entitled him to a mistrial. *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974); *Kennedy v. State*, 520 S.W.2d 776 (Tex.Cr.App. 1975). Here, appellant received all the relief he requested. *Hopkins v. State*, 480 S.W.2d 212 (Tex.Cr.App.1972); *Moon v. State*, 465 S.W.2d 172 (Tex.Cr.App.1971).

■ Appellant argues that error was preserved because the prosecutor, in tendering inadmissible evidence, did so as to prejudice the defendant by forcing counsel to object to such evidence. Appellant seeks to estab-

lish an analogy with cases holding that no requests for instruction or motions for mistrial need be made where the prosecutor offers clearly inadmissible evidence in order to suggest to the jury that the evidence contained matters harmful to the defense. See e.g., *Stewart v. State,* 587 S.W.2d 148 (Tex.Cr.App.1979); *Spicer v. State,* 52 Tex. Cr.R. 177, 105 S.W. 813 (1907); and *Vargas v. State,* 442 S.W.2d 686 (Tex.Cr.App.1969).

There was no prosecutorial misconduct in the case before us. That is not to say that we are unaware of the admonitions of the Court of Criminal Appeals, although affirming a conviction, that: "[p]rosecutors who offer offense reports and statements of their witnesses unless it is perfectly clear that such statements are admissible are risking reversal for such tactics." *Kilburn v. State,* 490 S.W.2d 551 (Tex.Cr.App.1973). In the *Kilburn* case, as here, appellant failed to object to the reports on the ground that they would improperly bolster the testimony of the witnesses. Appellant's counsel failed to request an instruction from the trial court. The report was never admitted. No reversible error is shown.

Finally, we note that the able trial judge included the following instruction in the jury's charge:

"From time to time throughout the trial, the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reason for such rulings and are not to draw any inferences from them .... As to any offer of evidence that has been rejected by the Court, you, of course, must not consider the same...."

Appellant's grounds of error are overruled. The judgment of the trial court is affirmed.