IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-152-CR




RICHARD AVERY WRIGHT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 39,688, HONORABLE RICK MORRIS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.112 (Pamph. 1991). The district
court assessed punishment at imprisonment for forty-five years. We affirm.

 Killeen police officer Dale Cobb was working undercover on October 12, 1990,
when he met a man who identified himself as Zachery. Cobb told Zachery that he wanted to
purchase cocaine. Zachery took Cobb to appellant, who sold the officer a rock of cocaine for
$40.00.

 Cobb was wearing a radio transmitter, and the transaction was recorded by another
officer. The recording was introduced in evidence and played for the jury. Cobb identified one
of the voices on the tape as that of appellant. In two points of error, appellant complains that the
district court erred by allowing the jury to read a transcription of the recording prepared by the
State, and by refusing to appoint an expert to analyze the tape to determine if appellant's voice
was on it.

 Appellant contended at trial that he was not present at the alleged offense and that
his voice did not appear on the tape. Appellant urges that, under the circumstances, it was error
to permit the jury to read the State's transcription because it repeatedly identified one of the
recorded speakers as appellant. Appellant did not voice this objection at trial, however. 
Appellant's trial objection was that "the jury can hear the tape and can decide for themselves
what's being said or not being said on that tape. And I would object to this shorthand rendition
by the State being provided to the jury." 

 Appellant's trial objection was properly overruled. Garrett v. State, 658 S.W.2d
592 (Tex. Crim. App. 1983). The complaint on appeal was not preserved for review. The point
of error is overruled.

 The refusal to appoint an expert to examine the tape recording was also not error. 
The motion for appointment of an expert was filed by appellant pro se. When the motion was
brought to the attention of the district court, defense counsel informed the court that she had been
unable to locate anyone who could analyze a voice on a tape recording to determine the identity
of the speaker. "The information that I have accumulated leads me to believe that no one short
of the F.B.I. in Washington D.C. can do this, if they can do it. And without having a private lab
that we could go to Judge, I -- I'm not going to adopt this Motion because I don't think there's
an expert that can do this." The court told appellant that "I'm not going to take up your Motion
at this time."

 A defendant is not entitled to hybrid representation. Landers v. State, 550 S.W.2d
272 (Tex. Crim. App. 1977). Having succeeded in bringing his pro se motion to the court's
attention, appellant failed to secure an adverse ruling. Tex. R. App. P. Ann. 52(a) (Pamph.
1991). There is nothing in the record to indicate that an expert of the sort sought by appellant was
available. For these reasons, reversible error is not presented.

 Appellant's next two points of error complain of alleged improper impeachment
of defense witness Zachery Von Davis. Davis testified on direct examination that he was present
when Cobb purchased the cocaine. According to Davis, appellant had nothing to do with the
transaction; in fact, appellant was not there.

 Davis acknowledged during cross-examination that he had been indicted for the
same offense for which appellant was on trial; that he and appellant had been in jail together; and
that appellant testified as a defense witness at Davis's trial. The prosecutor then asked, or stated: 
"And a jury of 12 people like this found you guilty." Appellant objected: "That has no relevance
in this proceeding, your Honor." The objection was sustained, but appellant's request for an
instruction was denied.

 Appellant cites cases holding that as a general rule it is not permissible to show that
a nontestifying codefendant has been convicted or acquitted for the same offense. Miller v. State,
741 S.W.2d 382, 389-90 (Tex. Crim. App. 1987); Adams v. State, 531 S.W.2d 626 (Tex. Crim.
App. 1976). But Davis did testify, and his previous convictions were admissible for
impeachment. Tex. R. Crim. Evid. Ann. 609 (Pamph. 1991). Appellant also argues that the
prosecutor's question was an improper attempt to impeach appellant's credibility by suggesting
to the jury that the jury in Davis's trial had disbelieved appellant's defensive testimony. Appellant
did not present this argument to the district court, and it was not preserved for appeal. Tex. R.
Crim. Evid. Ann. 103(a)(1) (Pamph. 1991). The point of error is overruled.

 The prosecutor cross-examined Davis about several other previous convictions. 
One was a 1987 misdemeanor conviction for assault with bodily injury. Appellant objected that
this was improper impeachment because the offense did not involve moral turpitude. The
objection was overruled. Appellant correctly points out that misdemeanor assault is a crime
involving moral turpitude only if the violence is directed toward a woman. Trippell v. State, 535
S.W.2d 178, 180 (Tex. Crim. App. 1976); Valdez v. State, 450 S.W.2d 624 (Tex. Crim. App.
1970); Patterson v. State, 783 S.W.2d 268, 271 (Tex. App. 1989, pet. ref'd). The State did not
show that Davis's conviction was for such an offense.

 The error in overruling appellant's objection was harmless. Tex. R. App. P. Ann.
81(b) (Pamph. 1991). Davis acknowledged having seven previous convictions for promotion of
prostitution, unlawfully carrying a weapon, possession of marihuana, and resisting arrest. He also
admitted another previous conviction for assault, to which appellant did not object. Davis's
testimony, as reflected in the statement of facts, was palpably incredible. (1) We are convinced
beyond a reasonable doubt that the error did not contribute to appellant's conviction.

 Finally, appellant contends that the prosecutor improperly sought to impeach
appellant's own testimony by questioning him about his post-arrest silence, and that the district
court erred by refusing to instruct the jury to disregard that question. See Sanchez v. State, 707
S.W.2d 575 (Tex. Crim. App. 1986). But the statement of facts reveals that appellant did not
obtain a ruling on his objection. Tex. R. App. P. Ann. 52(a) (Pamph. 1991). Further, appellant
was earlier questioned, without objection, about his failure to give a statement to the police. 
Nothing is presented for review.

 We have received a pro se brief from appellant. As previously noted, appellant is
not entitled to hybrid representation. We have examined the points of error contained in the pro
se brief, however, and find them to be without merit.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  October 9, 1991

[Do Not Publish]
1.   The record reflects that Davis was called as a witness at appellant's insistence and despite
defense counsel's advice that Davis not testify.