T.K.'S VIDEO, INC., Appellant,

v.

The STATE of Texas, State.

No. 2–91–129–CR.

Court of Appeals of Texas,
Fort Worth.

June 17, 1992.

---

Malcolm Dade, Dallas, for appellant.

Bruce Isaacks, Crim. Dist. Atty., and Jim E. Crouch, Asst. Crim. Dist. Atty., Denton, for the State.

Before HILL, FARRIS and MEYERS, JJ.

OPINION

HILL, Justice.

T.K.'s Video, Inc. appeals its conviction by a jury of the offense of promoting obscene material, in this case a video tape entitled, "Ona Zee Volume Twenty One." The jury assessed punishment at a fine of $10,000. T.K.'s urges in two points of error that the trial court erred in admitting irrelevant and prejudicial evidence that Timothy Thomas, a former employee, had pled guilty and received a fine for renting the same video tape involved in this case, and that it abused its discretion in restricting the scope of T.K.'s voir dire examination with respect to the veniremembers' personal attitudes and bias regarding sexually explicit movies. T.K.'s contends in a third point of error that the State engaged in improper voir dire and improper closing argument by making a misstatement of law to the effect that "prurient" might be defined as erotically arousing.

We affirm because we hold that the trial court did not abuse its discretion by admitting Timothy Thomas's plea of guilty into evidence because T.K.'s promise to pay Thomas's fine if convicted and its payment of his fine following his conviction was probative of its knowledge of the nature and character of the video tape. In connection with this point we note that T.K.'s made no request that the trial court determine whether the probative nature of the evidence is substantially outweighed by its unfair prejudice. We also affirm because we hold that the trial court did not err by not permitting T.K.'s counsel to individually ask the members of the venire what their "feelings" are about seeing sexually explicit movies because the question was overly broad, and because we conclude that T.K.'s contention that an argument made by the prosecutor constitutes a misstatement of the law is not the same contention presented in its objection at trial.

■ T.K.'s urges in point of error number one that the trial court erred in admitting irrelevant and prejudicial evidence, that being evidence that Timothy Thomas, a former employee of T.K.'s, pled guilty and was found guilty of one charge of

obscenity for renting the same video tape that is the subject of this prosecution.

As part of its allegation against T.K.'s, the State alleged in its information that Timothy Joe Thomas was the agent of T.K.'s and that while acting in behalf of T.K.'s and within the scope of his employment he knowingly and intentionally promoted obscene material, the video tape previously described, by selling, exhibiting, providing, and delivering the material to Mike Keller. The information then alleged why the material was obscene and further alleged that T.K.'s knew the content and character of the material.

The State was required to prove, as part of its case against T.K.'s, that T.K.'s possessed the video tape in question with intent to promote it, and that it knew the obscene content and character of the tape.

Timothy Joe Thomas testified that when he was employed at T.K.'s the manager had told him that he could possibly be arrested, and that if he were arrested that T.K.'s would post his bond to get him out of jail, and that it would take care of any fines. Evidence of that promise, along with evidence that Timothy Joe Thomas was in fact arrested, had pled guilty, and had his fine paid by T.K.'s was relevant to the issue of T.K.'s knowledge as to the obscene content and character of the tape in question.

T.K.'s relies on the cases of *Thornton v. State*, 542 S.W.2d 181 (Tex.Crim.App.1976); *Walker v. State*, 530 S.W.2d 572 (Tex.Crim.App.1975); and *Bacon v. State*, 147 Tex. Crim. 605, 183 S.W.2d 177 (1944) in support of a general rule that it is not permissible to show that another jointly or severally charged for the same offense has been convicted or acquitted. We have examined all of those cases and find that in none of them was the plea of guilty of a codefendant relevant to any issue in the case as it is in the case at bar.

■ Although part of T.K.'s point of error is that the trial court erred in admitting prejudicial evidence, T.K.'s made no request that the trial court balance the probative value of the evidence against the danger of unfair prejudice to its case. Conse-

quently, it may not complain on appeal that the unfair prejudice of the evidence substantially outweighs its probative value. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990) (opinion on reh'g). We overrule point of error number one.

T.K.'s states in point of error number two that the trial court abused its discretion in restricting the scope of the voir dire examination by not allowing it to question the panel as to their personal attitudes and biases regarding sexually explicit movies.

The record of the voir dire examination reveals that T.K.'s was not permitted to ask members of the venire how they felt about seeing sexually explicit movies, those that explicitly portray people engaging in sexual relations. The trial court sustained the State's objection "as to the question asked," stating the opinion that the question could be asked more directly. Subsequently, T.K.'s was afforded the opportunity to question the venire as to their feelings about there being adult movie stores, whether they had an open mind about being able to see one of these types of video tapes, and how they felt about others they knew who might have seen an x-rated movie.

■ A defendant's constitutional right to counsel includes, inherently, under article I, section 10 of the Texas Constitution, the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State*, 703 S.W.2d 641, 643 (Tex. Crim.App.1985). If a defendant is prevented from asking a proper voir dire question, that is one that seeks to discover a juror's views on an issue applicable to the case, the trial court has abused its discretion in not allowing the question and harm is shown. *Id.*

We must therefore determine whether T.K.'s question was a proper voir dire question. A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.* The primary issue in this case was whether the video tape in question is obscene, as defined by TEX.PENAL CODE ANN. sec. 43.21(a)(1) (Vernon

1989). There are many within our community who, because of family or religious training, feel so strongly about any explicit pictorial representation of sexual relations that they would consider any entertainment video tape that contained such a representation to be obscene. On the other hand, there are those who favor such material being available to the extent that they might not consider anything obscene.

 A defendant prosecuted for possession of liquor for sale in a dry area is entitled to question the venire concerning their views on the possession of liquor for personal use. *Mathis v. State,* 167 Tex. Crim. 627, 322 S.W.2d 629 (1959). Likewise, we hold that T.K.'s was entitled to inquire concerning the veniremembers' attitudes toward sexually explicit movies.

However, a question asked of individual veniremembers may be so broad that, rather than seeking particular information from a particular panel member, it presents a general topic for discussion. *Smith,* 703 S.W.2d at 645. A trial court may exercise its discretion to prevent an improperly worded question from being asked when it presents so broad a question as to constitute a global fishing expedition. *Id.* We see no difference in T.K.'s questions as to the veniremembers' "feelings" about sexually explicit movies and questions as to veniremembers' "thoughts" about the insanity defense that were involved in *Smith.* The trial court did not prevent T.K.'s from inquiring into the feelings of the individual jurors about sexually explicit movies, only from doing so in the broad fashion condemned in *Smith.* We overrule point of error number two.

T.K.'s contends in point of error number three that the State engaged in improper voir dire and improper closing argument by making a misstatement of law. In its discussion of the point of error, however, it refers us only to the voir dire. During the voir dire of the jury, the State was permitted to argue, over T.K.'s objection, that a court had said that the representation of a video tape as being erotically arousing was enough for the average view-

er to make a determination that it appealed to the prurient interest in sex.

Counsel for T.K.'s objected to the argument on the basis that it was a statement of what a court had done and not a statement of the law. He did not object on the basis that the statement constituted a misstatement of the law, the basis that he now urges before this court. We find the two arguments to be distinctive legal bases. An objection stating one legal basis may not be used to support a different legal theory on appeal. *See Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990). We overrule point of error number three.

The judgment is affirmed.